**Beverly Ann HOLT, Appellant,**

v.

**Lanny Ray HOLT, Respondent.**

**No. WD 34278.**

Missouri Court of Appeals,
Western District.

Dec. 13, 1983.

Gary E. Ravens, Marceline, for appellant.

Robert G. Smith, Brookfield, for respondent.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

TURNAGE, Chief Judge.

This case arose when Beverly Ann (Holt) Klumb caused a garnishment in aid of an execution to be issued on the wages of Lanny Ray Holt for unpaid child support. Lanny filed a motion to quash the garnishment which the court sustained except for $300. This appeal by Beverly followed.

Beverly contends that the court misapplied the law because it based its decision on an agreement to alter future child support payments made by the parties.

The marriage of Beverly and Lanny was dissolved by the circuit court of Linn County on October 28, 1977. Beverly was awarded custody of the two children born of the marriage, Deborah Sue and Elizabeth Ann, and was awarded the lump sum of $200 per month for child support. On February 4, 1978, Deborah Sue was married. Shortly, thereafter, Beverly and Lanny had a telephone conversation in which Lanny stated that in view of Deborah's marriage a reduction of child support to $100 per month was appropriate. He told Beverly that if she did not agree to the reduction she could go to court and find out if it was justified. The original decree was never modified but Lanny paid $100 per month child support for about four years. In July of 1982, Beverly caused a general execution to be issued and a garnishment in aid thereof was served on Lanny's employer stating that he owed the sum of $5,416. Lanny filed a motion to quash the garnishment.

The only evidence presented at the hearing on the motion to quash was the testimony of Lanny. He testified that he talked with Beverly in February or March of 1978. He stated Beverly called him concerning his payment of $100 per month instead of $200 per month for child support. He stated he told her that he thought that $100 a month would be sufficient because Deborah had married. He stated that he told her if she didn't think that was right then they could hire a lawyer and go back to court and find out what was right. He stated she agreed to reduce the child support to $100 per month. He said Beverly did not make any

claim for unpaid child support until the execution and garnishment was issued.

The court entered judgment quashing the garnishment except for $300 which was $100 due for the months of June, July, and August of 1982. The court stated its ground for decision to be that there was a compromise agreement, or waiver of right, to collect the $200 per month amount entered into between the parties.

In *Gordon v. Ary*, 358 S.W.2d 81 (Mo.App. 1962) this court held that when there is more than one child and a judgment awards child support in one lump sum, the entire amount is required to be paid until the youngest child attains majority or until the decree is otherwise prospectively modified by court order. 358 S.W.2d at 83[1, 2]. This court held in *Gordon* that upon the marriage of one of two children for whom a single sum of child support had been awarded, the father could not reduce the amount of child support pro-rata by his own action.

In *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762, 768 (1932) the court stated the rule as to past support of minor children to be that the father and mother may make a compromise or contract which is binding in any action to recover past support. However, with reference to future support the court stated:

> But as to the future support of the minor children, which can be taken care of only by a proceeding to modify the divorce decree, and which has regard for the welfare of the children only, neither the mother nor father, nor both combined, have any power by contract or agreement to control the court's action.

▮ From the above cases it is clear that a father may not take it upon himself to reduce a lump sum child support amount which is for the support of more than one child upon the emancipation of a child. It is further clear that a mother and father may enter into a binding agreement in which they compromise the amount of past due support. However, they may not enter into an agreement to reduce the support which will accrue in the future.

▮ The facts in this case indicate that the conversation between Beverly and Lanny was concerned solely with future support payments. Lanny informed Beverly that he was going to reduce his support payment from $200 to $100 per month because Deborah had married. There was no mention of past due support and the conversation related solely to support payments which were yet to accrue. Under *Kelly* such an agreement is void and may not be enforced. Only a court has the power to alter future support payments.

▮ Lanny contends that Beverly acquiesced in the reduced payment and thereby waived her right to recover the full amount. That argument was answered by this court in *Vincent v. Vincent*, 584 S.W.2d 152, 153 (Mo.App.1979) when this court stated:

> (S)tanding alone, delay in demanding payment of child support or acceptance of a sum less than that owed does not preclude a claim for the full amount owed.

This court indicated in *Vincent* that in *Meyer v. Meyer*, 493 S.W.2d 42 (Mo.App. 1973), and *Rodgers v. Rodgers*, 505 S.W.2d 138, 145 (Mo.App.1974), the courts of this state recognized that equities and circumstances may exist which would preclude the recovery of the full amount of child support provided by the decree. However, there are no equitable circumstances in this case such as existed in *Meyer* and *Rodgers* which would prevent Beverly from recovering the full amount of child support.

The judgment is reversed and this cause is remanded with directions to enter a judgment overruling the motion to quash the garnishment.

All concur.