**Dianne LOVELAND,**
**Plaintiff-Respondent,**

v.

**William Gene HENRY,**
**Defendant-Appellant.**

**No. 49286.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 22, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 1985.

W. Morris Taylor, Frances Maudean Luehrman, Clayton, for defendant-appellant.

Patricia Huber Thomas, St. Charles, for plaintiff-respondent.

KAROHL, Presiding Judge.

Former husband appeals from a judgment awarding former wife child support of $145.00 per week per child for two children and child support arrearages of $28,-148.98. Wife's petition was filed pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) in Escambia County, Florida.[1]

Appellant husband asserts the following four errors by the trial court. First, the award of $28,148.98 in arrearages is not supported by the evidence. He claims the original decree was vague and uncertain and the external proof submitted to the

1. Chapter 454 RSMo 1978.

court was insufficient to calculate the exact amount due. Second, the award of $28,-148.98 was erroneous in that wife acquiesced to a payment of lesser amount and waived the past amounts owed. Third, the child support award of $145.00 per week per child was erroneous because husband was unable to pay this amount and there was no evidence presented as to needs of the children or resources of the custodial parent. Fourth, the court failed to give husband credit for a flute and bedroom furniture purchased for the children, car payments to the wife and money given directly to the children for school clothes.

The parties were married in 1968 in Wright City, Missouri and divorced December 1980 in Pensacola, Florida. Two children were born of the marriage, Kimberly Ann, fifteen years old at time of trial and Christine Dianne, twelve years old at the time of trial. In November 1980, the parties entered into a separation agreement which provided:

> The wife shall receive as support for the minor children of the parties the sum of $145.00 $180.00 (ONE HUNDRED FORTY-FIVE DOLLARS AND NO CENTS) per child per week ... In the event the husband shall return to the continental United States to follow his employment, the child support shall be reduced by 25% (TWENTY-FIVE PERCENT).

The agreement was incorporated by reference into the final judgment of dissolution and wife was awarded custody of the two children.

Wife did not appear in Missouri for trial. Her testimony was elicited by the court in Florida and sent to Missouri with her certified petition. Husband testified as plaintiff's witness that in March 1981, husband, wife, and their present spouses, who were formerly married to each other, entered into an oral modification agreement. The agreement provided husband would pay $100.00 per week for both children and wife's present husband would pay no support to husband's present wife for their three children. The only evidence of the agreement is husband's testimony. Husband paid according to the agreement until October 1981. At that time husband and wife executed a written agreement (without involving their present spouses) whereby husband would pay $150.00 per week for both children. This agreement also provided the support was to be reduced to $75.00 per week when Kimberly, the oldest child, attained the age of eighteen. Additionally, the agreement was to be "reviewed annually for possible adjustments". There is no dispute as to the existence of the written agreement. Wife admitted the agreement in her petition, husband testified to it at trial, it was entered as an exhibit into evidence, and the trial judge acknowledges it in his findings of facts and conclusions of law.

Husband testified that he paid wife according to both the oral and written agreements. In addition, husband paid all the children's medical bills, $263.02 for a flute, $1,169.91 for bedroom furniture, $812.14 for mobile home payments, $644.00 for wife's car payments, $250.00 to each child for school clothes, $200.00 for clothes while the children were in his custody, and some traveling expenses.

From the time of the divorce through the time of trial husband was employed at Emerson Electric as a senior field engineer. Husband's employment required him to travel extensively outside the United States. At the time of dissolution husband received $292.00 per week net income plus an additional 25% bonus on some of his overseas trips. At the time of trial husband received net income of $447.28 per week.

In October 1982, wife filed her petition in Florida pursuant to URESA requesting $180.00 per week per child for child support and arrearages in the amount of $15,000. The case was certified to Missouri from Florida. The Missouri trial court granted child support of $145.00 per week per child and $28,148.98 in arrearages.

Husband first contends the trial court erred in interpreting the original divorce decree in that there was insubstantial evidence to clarify the terms or to determine the amount of child support accrued.

■ Husband claims the trial court was unable to determine the amount owed since the testimony elicited by husband at trial did not specify exactly his departing and returning dates to and from the United States. According to the divorce decree child support was to be reduced by 25% when husband was in the continental United States. Husband relies on *Payne v. Payne*, 635 S.W.2d 18, 22 (Mo. banc 1982) to support his argument. His reliance is misplaced. *Payne* stands for the proposition that it is within the power of the trial court to receive external proof to determine the exact amount due for a maintenance judgment. *Id.* at 22 *citing Bryson v. Bryson*, 624 S.W.2d 92, 97 (Mo.App.1981). A decree is indefinite, uncertain and unenforceable if the amount of the judgment cannot be ascertained without resort to external proof beyond the record or another hearing. *J.A.A. v. A.D.A.*, 581 S.W.2d 887, 898 (Mo.App.1979). Although the findings of facts and conclusions of law do not precisely identify how many weeks husband was in the United States, the court received testimony from husband regarding the duration of each of husband's trips outside the United States during the relevant time period. Upon close review of the record the trial court had sufficient evidence to calculate the weeks husband was in the United States to determine the amount of support owed to wife.

Husband's second point on appeal claims wife acquiesced to child support payments less than that designated in the divorce decree and so waived past due amounts. The basis of husband's argument is that since the parties entered into an agreement to reduce the child support payments and husband paid according to those agreements wife is estopped from seeking judgment under URESA, Chapter 454 RSMo

1978, on the difference between the divorce decree and the agreement.

■ The law in Missouri is stated clearly. Future child support obligations may not be altered by contract or agreement between the mother and father. Only a court has the power to alter future support payments. *Holt v. Holt*, 662 S.W.2d 578, 580 (Mo.App.1983). The parties may enter into a binding agreement in which they compromise amount of past due support; however, they may not enter into an agreement to reduce support which will accrue in the future. *Id.* at 580. The trial court retains jurisdiction to modify a child support award upon a showing of a substantial change of circumstances which makes the existing terms unreasonable. *See* § 452.370 Cum.Supp.1982. Here, the court was never given the opportunity to exercise its jurisdiction to examine evidence of changed circumstances and to determine whether a modification of the original support decree in accordance with the agreement was reasonable. The court was not bound to recognize the agreement executed between the parties. *See State Ex Rel. Div. of Family Services v. Ruble*, 684 S.W.2d 949, 951 (Mo.App.1985); *Holt*, 662 S.W.2d at 580.

Husband relies primarily on *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974) and *Meyer v. Meyer*, 493 S.W.2d 42 (Mo. App.1973) to support his contention that wife acquiesced to the reduced payments and so waived her right to seek the accrued amount because of the express agreement. The facts here are distinguishable from both *Meyer* and *Rodgers*. The courts in these cases recognized that equities and circumstances may exist which preclude the recovery of the full amount of child support provided in the decree. *Meyer*, at 46, *Rodgers* at 145. However, there are no equitable circumstances in this case such as existed in *Meyer* and *Rodgers* which would prevent wife from recovering full amount of support.

The facts here are on point to those in *Cervantes v. Cervantes*, 239 Mo.App. 932,

203 S.W.2d 143 (1947) which was upheld in *Rodgers*. In *Cervantes* mother and father entered into an agreement whereby father would pay $50.00 per month child support instead of $100.00 per month as specified in the divorce decree. Father proceeded to pay the agreed upon amount until mother refused to accept and thereafter sued father for the accrued amounts. The court found that there was no testimony to infer that the agreement was to compromise or settle past due installments or a then existing debt, but rather to reduce the future payments provided in the decree. *Id.*, 203 S.W.2d at 146–47. The court then concluded:

> Irrespective as to other reasons why the purported agreement may be invalid, it is for this reason absolutely void. The trial court alone has the jurisdiction and authority to modify or change the allowance for future maintenance of the children as provided in the decree ...

> Had appellant filed a proper motion for a modification of the decree, the court, upon a hearing and sufficient evidence having been presented, could have granted the relief sought.

*Id.* at 147.

There was no evidence that the agreement executed by the parties was to compromise a then existing debt or past child support payments due. Instead the evidence indicates the agreement was to modify future child support payments which is invalid and unenforceable. *Holt* at 580.

Husband's third point claims the trial court erred in awarding $145.00 per week per child because the evidence showed husband was unable to pay and the evidence did not indicate needs of the children or financial resources of the wife.

■ Determination of amount of child support to be awarded under URESA is a matter of sound judicial discretion and the trial court's exercise of that discretion will not be set aside absent a clear abuse of discretion. *Olson v. Olson*, 534 S.W.2d 526, 531 (Mo.App.1976). Court in responding state may make its own determination of needs under URESA and has power to make such support orders as justice requires; if evidence in case entitles petitioner to award of child support greater than prior divorce decree required payments may be increased by court in responding state and prior foreign decree awarding lesser sum does not bar such relief. *Id.* at 531.

The Florida divorce decree awarded wife $180.00 per week per child for child support to be reduced by 25% when husband is in the United States or $135.00 per week per child. The trial court here awarded wife $145.00 per week per child, a $10.00 increase. There was no provision for increase if husband was outside the United States. Evidence at trial indicated that at the time of dissolution husband's net income was $292.00 per week plus an additional 25% for long overseas trips. At the time of trial husband's net income was $447.28 per week. Husband's income, expense and financial statement was introduced into evidence as well as his payroll stubs, 1981 and 1982 tax returns and testimony from husband about his expenses and income. Wife did not testify at trial nor was her income, expense and financial statement introduced into evidence. However, included in wife's petition was a standardized questionnaire entitled "Testimony of Dianne Loveland" signed by wife. Wife stated her income was $3.86 per hour at a part time job, her husband was on Workers' Compensation but had not received any money. Her monthly expenses totaled $797.00. The legal file also contains an income and expense statement and a financial statement of wife. These indicated wife's monthly income was $254.52 and her monthly expenses were $2,549.34. Husband's interrogatories to wife requested detailed information about wife's financial situation.

■ Contrary to husband's contention, there is sufficient evidence of both wife's

financial situation and needs of the children to support the trial court's increase from the original decree of $135.00 per week per child. The responding court in a URESA proceeding has authority to make an independent finding on the duty of the father to support minor children, regardless of the amount of an award made previously by a divorce court, and is not precluded by the award in the divorce case from fixing an amount different than that called for in the decree. *Olson*, 534 S.W.2d at 530. Here the trial court's award would be erroneous only if there was no substantial evidence to support it. *Id.* at 531.[2] Further, this court has held that lack of detailed evidence of the financial needs of the children is not in and of itself fatally defective to a child support award. *Green v. Green*, 623 S.W.2d 265, 267 (Mo.App.1981); *Suesserman v. Suesserman*, 539 S.W.2d 741, 743 (Mo.App.1976). In light of the evidence, we find no abuse of discretion by the trial court.

Husband's fourth contention of error claims the trial court failed to give husband credit for money given directly to the children for clothing, for bedroom furniture and a flute purchased by husband and for wife's car payments in determining arrearages. Husband concedes the trial court credited medical payments for the children and trailer payments to wife.

The general rule is when husband is required by court order to pay wife money for support of their children, accrued and unpaid installments become judgment in favor of wife and husband cannot claim as credit payments made directly to children or directly to others, except where such payments are made with express or implied consent of wife, or where compulsion of circumstances makes necessary such cause of action. *Mackey v. Mackey and Associates, Inc.*, 677 S.W.2d 349, 351

(Mo.App.1984). There is no evidence to support husband's claim that the money paid directly to the children for clothing, and the money paid for bedroom furniture and flute were made with the express or implied consent of the wife. Since we cannot determine that the trial court did not credit for these items we find no error in the calculations. The preferred system of payment would be to pay in cash to the custodial parent. Payment in cash to the custodial parent has virtue of certainty even if credit is otherwise possible.

There is, however, error in the award of $28,148.98 for past child support because it exceeds the prayer in the petition. *Madget v. Jenkins*, 461 S.W.2d 768, 775 (Mo.1970). Judgment on arrearages is amended to sum requested, $15,000.

The judgment is affirmed in all respects except the award of $28,148.98 from past child support is reduced to the sum prayed for, $15,000.

SIMON and GARY M. GAERTNER, JJ., concur.

---

**2.** Section 454.280 RSMo 1978 provides, "No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."