Barbara FOSTER, Plaintiff-Respondent,

v.

Clarence FOSTER, Defendant-Appellant.

No. 49564.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1986.

Peggy T. Hardge, St. Louis, for defendant-appellant.

Daniel B. Chartrand, Susan H. Mello, Clayton, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Clarence Foster appeals from the denial of his motion to quash a garnishment in aid of execution upon a judgment for child support. The marriage of Clarence and Barbara Foster was dissolved on May 5, 1969. Barbara was awarded custody of the two girls born of the marriage and Clarence was ordered to pay support in the amount of $15.00 per week per child. The trial court found that Clarence was in arrears in child support payments in the sum of $12,804.28. In his motion to quash this garnishment Clarence alleged that he made the required weekly payments until Barbara remarried. At that time, he alleges,

she told him "there was no need to pay support for [he] needed the monies more than she." He further alleged that he chose to fulfill his responsibility by providing his daughters with "vacations, clothing, allowance, etc." thereby expending more than the amount of the judgment. He asked the court to find a waiver by Barbara of any claim for child support or to allow him credit for the sums paid. After three days of evidentiary hearing the trial court denied the motion.

On appeal, Clarence asserts two points relied on:

1. The trial court erred in not sustaining the motion to quash garnishment on the defense of laches
2. The trial court erred in not sustaining the motion to quash garnishment on the basis of an agreement between the parties.[1]

These points are utterly devoid of merit. Overlooking the fact that Clarence failed to plead laches as an affirmative defense, as required by Rule 55.08, the evidence is totally silent regarding the factors which give rise to such a defense. In the absence of prejudice or disadvantage to the defendant, mere delay does not constitute laches. *Higgins v. McElwee*, 680 S.W.2d 335, 341 (Mo.App.1984). Rather than laches, Clarence is apparently attempting to assert the defense of acquiescence in non payment. However, delay in demanding payment of child support or acceptance of a sum less than owed has consistently been held not to preclude a claim for the full amount owed. *Holt v. Holt*, 662 S.W.2d 578, 580 (Mo.App. 1983); *Vincent v. Vincent*, 584 S.W.2d 152, 153 (Mo.App.1979). Moreover, Barbara testified that she repeatedly requested Clarence to make his support payments and the trial court obviously accepted her testimony. On this disputed issue of fact, we are bound to give deference to the trial court's findings which are implicitly

1. That these points relied on are glaring violations of Rule 84.04(d) is obvious. The statement of facts contained in appellant's brief, which contains not a single reference to any testimony adduced at the evidentiary hearings, is in violation of Rule 84.04(c). We do not dismiss this appeal under Rule 84.08 only because of the need to address the respondent's motion for damages under Rule 84.19.

deemed to be in accordance with the result. Rule 73.01; *Askins v. James*, 642 S.W.2d 383, 386 (Mo.App.1982).

Clarence's contention that Barbara agreed to waive child support payments is supported neither by evidence nor by law. Past due child support can be compromised or settled by the parties like any other debt if supported by adequate consideration. *Buttrey v. Buttrey*, 622 S.W.2d 708, 709 (Mo.App.1981); *Rodgers v. Rodgers*, 505 S.W.2d 138, 144 (Mo.App. 1974). Here, there is absolutely no evidence of any consideration for such a compromise or settlement. Moreover, Clarence claims he was not in arrears when Barbara agreed not to demand future payments. Child support payments are for the benefit of the child and the parties are not authorized to settle or compromise future payments without judicial modification of the decree. *Holt v. Holt*, 662 S.W.2d 578, 580 (Mo.App.1983); *Hart v. Hart*, 539 S.W.2d 679, 682 (Mo.App.1976). Accordingly, even if the trial court had accepted as true Clarence's testimony about an agreement, it would be void and unenforceable. Finally, Barbara unequivocally denied any such agreement and we must accept the implicit finding of the trial court to that effect. *Askins v. James, supra.*

The judgment of the trial court is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. Under the well known standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) there is simply no issue asserted on this appeal which merits consideration.

Accordingly, we turn to Barbara's motion seeking damages for frivolous appeal under Rule 84.19. The 96 page legal file herein reflects only the activity taken since 1980. The record is replete with Clarence's obstinate resistance to the repeated attempts to enforce payment of the judgment rendered against him. Here, for the third time, he is asserting the same defenses which have been rejected by three trial judges.[2] In fact, his persistent obstinacy has been crowned with greater success than he was legally entitled to receive. The trial court, on one of his motions to quash, ordered that he be given credit for all of the girls' credit card charges and the direct payments he claimed to have made to his daughters in the amount of $3,000.00. Although he had no legal entitlement to such credits, Barbara did not appeal. *See Lieffring v. Lieffring*, 622 S.W.2d 519, 520 (Mo.App.1981); *Royall v. Legislation and Policy Division*, 610 S.W.2d 377, 379 (Mo. App.1980).

His contentions on this appeal, as noted above, are unsupported by law or evidence. Under Rule 84.19, a frivolous appeal is "one which presents no justiciable question and is so readily recognized as devoid of merit on the record that there is little prospect the appeal can succeed." *Holman v. Ace Glass Company*, 687 S.W.2d 562, 563–64 (Mo.App.1984). This is patently such a case. None of the issues raised on this appeal are even fairly debatable. Accordingly, Barbara's motion under Rule 84.19 is sustained and damages in the amount of $1,500.00 are hereby assessed against appellant.

The judgment is affirmed.

SMITH and SNYDER, JJ., concur.

---

**2.** His motion to quash the second garnishment filed by Barbara was sustained by the trial court on the sole ground of the presumption of satisfaction of judgment after 10 years. Contentions similar to those made here were rejected. This judgment of the trial court was reversed in *Foster v. Foster*, 641 S.W.2d 841 (Mo.App.1982) and the money received by Barbara on the various garnishments has been credited to Clarence by the trial court herein.