**In re the Marriage of Judy KASTNER, Petitioner–Appellant,**

v.

**John KASTNER, Respondent–Respondent.**

**No. 56074.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 12, 1989.

Susan M. Hais, Clayton, for petitioner-appellant.

Stuart Cofman, Russell A. Willis, III, St. Louis, for respondent-respondent.

REINHARD, Judge.

Mother appeals from the trial court's order awarding her $4,250.00 in past due child support. We modify and affirm as modified.

The parties were married in 1967. Three children were born of the marriage: John, born April 23, 1968; Jennifer, born July 14, 1969; and Jeffrey, born September 11, 1970. The parties' marriage was dissolved on June 14, 1976. Mother was awarded custody and father was ordered to pay child support in the amount of $150.00 per child per month. The court ordered father to execute a quit claim deed to mother for the parties' residence; mother was ordered to pay father $7,500.00 upon the sale of the residence. The house was to be sold upon mother's death or remarriage, the attainment of majority by the parties' youngest child (September 11, 1991), or the death or emancipation of all the children prior to September 11, 1991.

In the years following the dissolution, father became delinquent on his child support payments. Numerous garnishments were filed, and the parties entered into various agreements relating to past and future child support. In the early 1980s, the prosecuting attorney was apparently involved in the execution of the agreements.

The present proceedings arise out of a motion for accounting and modification of child support filed by father. Mother filed a cross-motion for modification. The trial court heard evidence and determined father was $4,250.00 in arrears, ordered support for John terminated, ordered father to pay $200.00 per month child support directly to Jennifer and ordered father to pay mother $200.00 per month for the support of Jeffrey. The court taxed the costs against father and ordered the parties to pay their own attorney's fees. At the time of the hearing in October 1988, all three children were attending college at Southwest Missouri State University in Springfield, Missouri.

On appeal mother contends the trial court erred

in allowing credits to be taken as against child support due, since the court had not modified the decree and that credits were alleged oral agreements by husband when wife denied said agreements and further, wife was coerced and under duress as a result of the continued failure of husband to pay child support, and when there was no consideration for any agreement and no approval of the court determining the conscionability of reducing child support.

We interpret mother's point as an attack on the validity of the agreements both as to back and future child support. In order for the trial court to have determined father's arrearage as it did, it was necessary for the court to consider the various agreements between the parties as to back child support. Essentially, three such agreements are involved. First, in November 1981, father paid mother $1,000.00 and agreed to relinquish his $7,500.00 lien on the residence, leaving a balance of $3,762.00 in back support. Next, in May 1982, father paid mother $1,100.00 and mother agreed to reduce child support to $300.00 per month. Of the $1,100.00, $500.00 represented back support, $300.00 was for the current month's support and $300.00 was for the next month's support. Mother substantially agrees with the terms of these agreements but contends she was under duress and was forced into them in order to avert impending foreclosures on the house. Finally, in August 1985, father transferred an automobile to mother. Father valued the car at $2,900.00 and contends the transfer was in satisfaction of all back support. Mother admits that the transaction occurred but denies that there was an agreement pertaining to back support.

No specific findings of fact were requested and none were made. Thus the facts are deemed to have been found in accordance with the result reached. *Irwin v. Irwin*, 678 S.W.2d 861, 862 (Mo.App.1984). Our review is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); we affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Id.* We defer to the trial court's assessment of credibility. Rule 73.01(c)(2).

■ The law on the issues presented is found in *Holt v. Holt*, 662 S.W.2d 578, 580 (Mo.App.1983). Mother and father are free to enter into a binding agreement wherein they compromise an amount of past due child support. They may not, however, agree to reduce child support which will accrue in the future. *Id.*

■ There is sufficient evidence in the record to support the finding that father and mother on three occasions entered into agreements compromising back support.[1] That these agreements were not the products of duress is also a conclusion supported by the record. Most significantly,

1. As a result of the first such agreement in November 1981, we conclude father has in fact relinquished any interest he may have had in the parties marital residence.

the court's implicit finding that the August 1985 property transfer amounted to a compromise of all back support as of that date is supported by the evidence and the law. *Holt, supra.* However, the parties' agreement reducing father's child support obligation to $300.00 per month cannot stand under *Holt* as it is an agreement to modify support in the future. Based upon the trial court's implicit finding that the parties in August 1985 compromised all past due child support, we conclude that the judgment for mother should have been $5,550.00 and thus the judgment is modified to show father owes that amount.[2]

The trial court's determination that the parties pay their own attorney's fees is supported by the evidence.

Judgment affirmed as modified.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

2. Subsequent to August 1985, father began paying a portion of his child support obligation directly to John and later to Jennifer. This arrangement, made with the consent of mother, was a change in the method of payment and did not require judicial modification. *Cooper v. Allstate Insurance Co.,* 735 S.W.2d 204, 206 (Mo. App.1987). Nor does it affect our conclusion that father still owes mother $5,550.00 in child support.