Hernando MORA, Appellant,

v.

Grace MORA, Respondent.

No. WD 47278.

Missouri Court of Appeals, Western District.

Sept. 28, 1993.

Alan Scott Mandel, St. Louis, for appellant.

Elizabeth Harris Christmas, Div. of Child Support Enforcement, St. Louis, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

Hernando Mora appeals the trial court's affirming the decision of the director of the Division of Child Support Enforcement (DCSE) that Hernando Mora owed $6810 in child support. We affirm the judgment.

Hernando and Grace Mora divorced on March 31, 1981. In the divorce decree, the trial court ordered Hernando Mora to pay child support of $150 a month per child for their two children. The divorce decree allowed Grace Mora to remain in the marital home until the youngest child reached age 21, until the children no longer lived with her, or until she remarried. When one of these events occurred, the house was to be sold and Hernando Mora was to receive $15,-000 from the net proceeds.

On July 19, 1990, DCSE entered an administrative order against Hernando Mora for unpaid child support, and, on July 20, 1990, ordered his employer to withhold pay. DCSE found that from April 1, 1981, through March 31, 1990, Hernando Mora was $11,-184.67 in arrears on his child support. Hernando Mora requested and received an administrative hearing on the orders of DCSE before the director of DCSE.

The director found that from March 31, 1981, through December 31, 1983, Hernando Mora accrued a child support obligation of $9,180, of which he had paid only $4,865.33 as of October 7, 1983. The director also found, however, that Hernando Mora had satisfied his child support obligation through December 14, 1983, by executing a quit claim deed and conveying his $15,000 interest in the marital home to Grace Mora. The director decided, though, that he still owed $6810 in child support for the period of January 1, 1984, through November 12, 1987. The director also found that his child support obligation ended on November 13, 1987, when his youngest son reached the age of 21.

Hernando Mora appealed the director's decision to the Cole County Circuit Court, and the court affirmed. The court concluded that it was supported by competent and substantial evidence and was correct as to the law.

Hernando Mora then appealed to this court. We affirm.

■ We review the director's decision of the agency, not the circuit court's judgment, to determine whether the director exceeded his jurisdiction and whether his decision is supported by competent and substantial evidence, or is arbitrary, capricious or unreasonable. *French v. French,* 782 S.W.2d 449, 451 (Mo.App.1990). Hernando Mora contends that the trial court erred in affirming DCSE's award because it failed to consider the "equities and circumstances that according to existing law should have barred recovery [by Grace Mora]."

He argues that Grace Mora induced him to settle his child support obligation by demanding a quit-claim deed of his interest in the marital home. He contends that his share of the house was worth more than the past and future child support obligations; therefore, he asserts, his ex-wife was unjustly enriched. He claims that he gave the quit claim deed for payment of all his child support obligations, both past and future.

■ A party cannot alter his or her obligation to pay future child support by contract or agreement. Only a court of law has the power to alter future child support payments. *Brundige v. Marcum,* 694 S.W.2d 891, 895–96 (Mo.App.1985); *Holt v. Holt,* 662 S.W.2d 578 (Mo.App.1983). "Child support payments are for the benefit of the child and the parties are not authorized to settle or compromise future payments without judicial modification of the decree." *Foster v. Foster,* 703 S.W.2d 952, 954 (Mo.App. 1986). The parties may enter into a binding agreement to settle past due support payments if supported by adequate consideration, but they may not enter into agreements to reduce support which will accrue in the future. *Id.; Loveland v. Henry,* 700 S.W.2d 846, 849 (Mo.App.1985). Because a court did not approve Hernando Mora's alleged agreement with his ex-wife, it is unenforceable as it relates to future child support payments.

■ However, equities and circumstances may exist to preclude a parent from seeking recovery of the full amount of child support

provided by a decree. *Holt,* 662 S.W.2d at 580. "[A]greements to reduce the amount of child support, supported by consideration, when acquiesced in by the custodial parent's acceptance of the agreement over a period of time create an estoppel to a claim of the amount specified in the prior support order." *Arnold v. Krewson,* 834 S.W.2d 229, 232 (Mo. App.1992). "Acquiescence has been applied as a bar only in a rare instance where the parties have expressly agreed[.]" *DeMoranville v. Tetreault,* 654 S.W.2d 71, 73 (Mo. banc 1983). Hence, the issue is whether Hernando Mora and his ex-wife entered into an agreement and whether she acquiesced in Hernando Mora's not paying his child support. *See Krewson,* 834 S.W.2d at 232; *Haynes v. Haynes,* 648 S.W.2d 895, 896 (Mo. App.1983).

Hernando Mora contends that he decided to convey his interest in the marital home in satisfaction of all unpaid past and future child support after Grace Mora's attorney gave him a written offer that he quit claim the real property to her "in consideration for her forgiving child support." Hernando Mora directs this court to the legal file for proof of that offer, but we do not find any such agreement. The document to which Hernando Mora cites is entitled, "Motion for Temporary Stay of Enforcement Order Pursuant to R.S.Mo 536.120," and does not evidence such an agreement.

Because the record does not reveal an express agreement between the parties, we discern no basis for concluding that "equities and circumstances" exist to preclude Grace Mora's seeking recovery of unpaid child support. *Holt,* 662 S.W.2d at 580. The record indicates that Hernando Mora signed the quit claim deed in consideration for Grace Mora's dismissing a contempt proceeding against him for overdue child support.

Hernando Mora argues that because he was not represented by an attorney at the time he signed the quit claim deed, Grace Mora had the burden to submit the agreement to the court for approval because she initiated the settlement offer. He cites no authority in support of this contention.

■ Hernando Mora also contends that, because the children are now emancipated,

"they have lost any stake in the outcome of this dispute, and accordingly equities and circumstances as between the parties should be paramount." We disagree. Child support is for the children's benefit. *Foster,* 703 S.W.2d at 954. The children's interest is the paramount concern. Hernando Mora is legally obligated to provide support for his children, and he cannot bargain or contract away this obligation. *State v. Davis,* 675 S.W.2d 410, 415 (Mo.App.1984).

The director's decision did not exceed his jurisdiction. It was supported by competent and substantial evidence. It was not arbitrary, capricious or unreasonable. We affirm.

All concur.