Debra A. HEMBREE–SHANABERGER, Respondent,

v.

Albert C. SHANABERGER, Appellant.

No. WD 49823.

Missouri Court of Appeals, Western District.

June 20, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

Douglas F. Noland, Westowne II, Liberty, for respondent.

Alison K. Blessing, Liberty, for appellant.

Before ULRICH, P.J., and LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

An appeal from a decree of dissolution of marriage, this action focuses on the portions of the decree concerning retroactive child support and attorney fees.

The facts are as follows: Appellant (Husband), and Respondent (Wife), were married on April 28, 1984 in Liberty. The couple have two children, ages 9 and 7. After living in Missouri, the family moved to North Carolina. In April 1993, while still in North Carolina, Husband and Wife separated and entered into a separation agreement. The agreement purported to make a division of their property, and set forth proposed provisions concerning child support and custody. However, the parts of the agreement concerning child support and custody were not submitted, filed, or approved by a court in North Carolina, nor were they submitted, filed, or approved by a court in Missouri; therefore, those parts of the agreement were not made "decretal", which means incorporated into the divorce decree.

In June of 1993, Wife and children moved back to Liberty while Husband continued to live in North Carolina. Pursuant to their agreement (and before the dissolution proceedings), Husband made support payments to Wife in the amount of $650 per month for October, November and December of 1993. The petition for dissolution was filed by Wife in October, 1993. However, Husband failed to pay Wife for four months (January, February, March and April) prior to the dissolution proceeding held in 1994. The week before trial, he paid Wife $2,600.

In her petition, Wife prayed for retroactive child support back to the filing date of her petition, October 1993. The court gave Husband credit toward the total support that was owed, the amounts he had previously paid Wife prior to the trial.

The division of property was not in dispute since the parties requested that the property be divided in accordance with the North Carolina Agreement. The court obliged.

The amount of child support and the manner of payment were both in dispute at trial. Pertinent facts are as follows: Husband is a machinist and tool maker. His income for 1993 was $54,228. Husband also had stock dividends of $6,129, promissory note interest of $4,318, and bond interest of $1,539.

Wife worked at Mid America Mortgage Company, grossing $687.50 every two weeks. Wife paid child day care expenses of $82 per week for the youngest child, and $30 per week for the school-age child. Additionally, during summer vacation, child day care costs increased to $155 per week for both children. Wife also paid for the childrens' health insurance at a cost of $48 per month.

At trial, Wife testified that the amount of support Husband was paying was not adequate, and she was forced to use her savings to make up the difference. Wife listed her monthly expenses at $1,762 for both herself and the children. Husband listed his expenses at $2,594.71. The trial court found that the expenses reflected on Wife's financial statement were too low, and could not represent her true expenses.

Both parties prepared Form 14s for the court. Wife prepared two Form 14s, one for summer and one for the school-year. They are shown below with the one prepared by the court:

| | |
|---|---|
| Wife Form 14(1) | $1,397.51 |
| Wife Form 14(2) | $1,329.40 |
| Husband Form 14 | $ 900.45 |
| Court–Entered Form 14 | $1,098.00 |

The court did not agree with either Husband's or Wife's Form 14s and found them to be unjust and inappropriate. Therefore, the

court entered its own Form 14, and ordered the payment of child support to be retroactive back to the date Wife filed her petition of dissolution. The court also awarded attorney's fees to Wife for both the dissolution proceedings and pending appeal.

## I.

Husband first claims the trial court erred by granting Wife child support of $1,098, because the presumed amount of support under the court's Form 14 was incorrect. He claims there was no evidence to support the holding that the Form 14s submitted by both parties were unjust or inappropriate.

■ Pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), the trial court's order will stand unless: 1) there is no substantial evidence to support it; 2) it is against the weight of the evidence; or 3) it involves an erroneous application or declaration of the law.

■ In this case, the trial court found that neither of the Form 14s submitted by the parties reflected the true income status or expenses of the parties. Therefore, the court submitted its own Form 14 based upon the evidence and testimony presented and determined the appropriate amount of support.

■ Pursuant to this court's recent ruling in *Scoggins v. Timmerman*, 886 S.W.2d 135 (Mo.App.1994), the law does not require the trial court to make detailed findings to back up its conclusion that the submitted Form 14 amount is unjust and inappropriate.

All a court needs to do is use language in the findings section of the order, to the effect that "the existing amount is unjust and/or inappropriate," and the court is then free to enter a different amount of support than called for by the Form 14s. *Id.*

In this case, the trial court made a finding that Wife's expenses, as indicated at trial, were much greater than the amount reflected on her Form 14s.

There was no evidence or testimony elicited at trial whereby one could find Wife's expenses to be **below** Form 14 amounts, there was only testimony that the amount

necessary for support was **greater** than the Form 14 reflected.

Husband also claims a Missouri court should pay deference to the amount of support set forth in the parties' North Carolina Separation Agreement. He claims the terms in the agreement are binding on the Missouri court.

This is not the case. Clearly, § 452.325.2 RSMo, (1990) states:

2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, **except terms providing for the custody, support, and visitation of children,** are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable. (emphasis added)

■ Terms in a separation agreement referring to child support clearly are not binding on a court. Accordingly, *Loveland v. Henry*, 700 S.W.2d 846 (Mo.App.1985), illustrated that principle parties cannot make agreements binding on a court concerning support. In *Loveland*, the court held that a mother and father could not make an agreement to reduce support because no court had decreed that amount as "just." *Id.*

Accordingly, the trial court, by its findings and experience, researched the financial statements submitted by both parties and heard relevant testimony. The court determined that the Form 14 amounts were "unjust and inappropriate." The court's award was based on substantial evidence, and this court holds no abuse of discretion occurred with respect to the amount of child support ordered.

Point denied.

## II.

Husband's next point addresses the retroactive nature of the child support award.

■ Husband claims the trial court erred by ordering the support retroactive to the date Wife filed her petition, since she waived

the right to back child support pursuant to the North Carolina agreement.

As discussed in I., supra, this point has no merit because the North Carolina agreement is not binding as to the issue of child support. See § 452.325.2.

Further, retroactive support awards are specifically authorized via statute. § 452.340 RSMo, (1990) reads as follows:

In a proceeding for Dissolution of Marriage, legal separation, or child support, the Court may order either or both parties owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, **including an order retroactive to the date of the filing of the petition** ... (emphasis added)

The use of § 452.340 was upheld in *State, Div. of Family Servs. v. Williams,* 861 S.W.2d 592 (Mo.App.1993), which allowed retroactive support.

Wife requested retroactive support in her petition, but even if she had not done so, under *In re Marriage of Kovach,* the court can order that support be made retroactive regardless of whether the party prayed for it in his or her petition. 873 S.W.2d 604 (Mo. App.1993).

Accordingly, the trial court's assessment of child support from the time Wife filed her petition (October 1993), until the date of the order, was proper.

Point denied.

## III.

Husband's third and final point addressed the trial court's award of attorney's fees to Wife.

The trial court awarded Wife fees for both the dissolution proceedings and pending appeal. This point is granted in part and denied in part.

■ As conceded by Wife, the award of $600 in attorney fees for the dissolution proceedings was in error because her petition did not make a prayer for them.

Thus, the award was outside the scope of the pleadings, and no objection was made by the wife, nor did she request leave to amend the pleadings.

In *UT Communications Credit Corp. v. Resort Dev.,* 861 S.W.2d 699, 707 (Mo.App. 1993), the court held that, if evidence is objected to as being outside of the scope of the pleadings, the other party fails to request leave to amend, and the court does not **sua sponte** grant an amendment at trial, the court is without power to decide those questions.

Accordingly, as conceded, the court's award of $600 was indeed in error.

However, Husband also claims the attorney's fees award for the time pending and during appeal was in error. He says this is because the award was not reasonable because Wife's income (after adding the child support award) was substantially greater than his.

■ For this point to be successful on appeal, Husband must show this court that the order is both against the logic of circumstance, and is arbitrary and unreasonable. *Kovacs v. Kovacs,* 869 S.W.2d 789 (Mo.App. 1994); *Mistler v. Mistler,* 816 S.W.2d 241 (Mo.App.1991).

In *Vehlewald v. Vehlewald,* 853 S.W.2d 944 (Mo.App.1993), the court held that, in considering attorney's fees, the court must look at all relevant factors, including the resources of both parties. The trial court is said to be the expert in necessity, reasonableness, and determination of the value of an attorney's services in dissolution proceedings. *Id.*

■ The facts considered by the trial court in making this determination in the case at bar were as follows: Husband had income of $54,228 and other income of $6,129, $1,530, and $4,318, respectively. Wife's income however, was only $1,375 per month, and she was dipping into her savings to support the children. Wife was without child support from Husband from January 1994 until one week before the dissolution hearing.

As such, this court cannot say this award, for the period pending appeal, was unreasonable. This portion of Husband's point is denied.

Accordingly, except for the reversal of the portion of the attorney's fees awarded for the dissolution hearing, the judgment is, in all other respects, affirmed.

*All concur.*