

# In the
# Missouri Court of Appeals
## Western District

KATHY (KELLER) KAY,

                    Respondent,

v.

JOHN B. KELLER II,

                    Appellant.

WD78235

OPINION FILED:

JUNE 2, 2015

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Patricia S. Joyce, Judge**

**Before Division Three: Mark D. Pfeiffer, PJ., Gary D. Witt, Anthony Rex Gabbert, JJ**

John B. Keller, II ("Father") appeals the circuit court's grant of summary judgment in favor of Kathy Kay ("Mother") on Father's motion to modify child support. Father raises four points on appeal. First, Father contends that Mother was not entitled to judgment as a matter of law because Father is not required to ask the court for continued support prior to Son reaching the age of eighteen. Second, Father argues that the circuit court erred in granting Mother's motion for summary judgment because there were disputed material facts as to Son's incapacity and ability to support himself. Third, Father argues that the circuit court erred in finding Son emanicipated because there was overwhelming evidence that Son was unmarried, mentally incapacitated, and insolvent. Fourth, Father argues that the circuit court erred in finding Son

emancipated because Mother failed to meet her burden of proving emancipation. We reverse and remand.

**Factual Background**

Father and Mother were divorced on February 5, 1999. There were two children born of the marriage: John Keller, III ("Son"), born September 29, 1992, and Kathianne Keller ("Daughter"), born January 2, 1995. Father and Mother were awarded joint legal custody. The original judgment was modified by stipulation on or about November 1, 2000, setting the child support obligation payable by Father to Mother at the amount of $1,600 per month. In 2010, Father filed a motion to modify the 2000 judgment. In April, 2011, the parties executed a stipulation transferring the physical custody of Son to Father and establishing child support and other expenses. Under the stipulation, Father was to pay Mother $596 monthly in child support. This figure was reached after offsetting Father's $931 obligation for Daughter with Mother's $335 obligation for Son.

On July 25, 2013, Father filed a motion to modify, seeking termination of his child support obligation to Daughter based upon her emancipation. Both parties ultimately agreed that Daughter was emancipated due to having married. Additionally, Father sought to extend Mother's child support obligation for Son beyond his eighteenth birthday. Father alleged that Son had suffered throughout his life with autism, generalized anxiety disorder, obsessive compulsive disorder, and bipolar mental illness. Father alleged that, due to Son's mental condition, he is under the full-time care of both a psychologist and psychiatrist, takes a number of medications to control his condition, and is without the means or ability to be self-supporting and self-sufficient. Father alleged that Son attempted classes at Columbia College after graduation from high school, but was only partially successful and did not enroll in or attend

2

courses thereafter. Father further alleged that, on or about November 21, 2012, Son was formally determined disabled by the Social Security Administration and that determination found Son to be totally disabled with an inability to support himself through regular employment.

Mother filed an answer to Father's motion to modify. In response to Father's allegations regarding Son's mental condition, diagnoses, disabilities, and post-secondary education, Mother stated that she was "without sufficient information to either admit or deny the allegations" and she, therefore, denied the allegations. Mother denied Father's allegation that the court should extend Mother's parental support obligation past Son's eighteenth birthday because Son is mentally incapacitated, insolvent, unmarried, and unable to support himself.

On June 6, 2014, the parties appeared for a hearing. At the commencement of the hearing, Mother filed a motion for summary judgment. Mother's motion contended that Son was emancipated as of October 1, 2011, because he was not enrolled full-time in a post-secondary educational or vocational institution. Mother further alleged that Father made no allegations when the two entered into the 2011 child support stipulation that Son was in need of an extension of child support past the age of majority and Father misled Mother and the court by not apprising anyone at that time that Son had filed an application seeking Supplemental Security Income (SSI) from the Social Security Administration.

The court granted Father thirty days to file suggestions in opposition to Mother's motion. However, the court heard testimony from Father and Mother at the June 6, 2014, hearing.

On November 26, 2014, the trial court entered a judgment granting Mother's motion for summary judgment. The court stated, in part: "The evidence is undisputed that the parties' son graduated from high school in May, 2011 and failed to enroll full-time in a post-secondary

3

educational institution on or before October 1, 2011. . . . The Court finds that John B. Keller, III, was emancipated by operation of law in October, 2011." Father appeals.

## Standard of Review

We review the grant of a summary judgment *de novo*. *Brehm v. Bacon Tp.*, 426 S.W.3d 1, 3 (Mo. banc 2014). We consider the record in the light most favorable to the party against whom judgment was entered and give the non-moving party the benefit of all reasonable inferences. *Id.* at 3-4. Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Allen v. Continental Western Ins. Co.*, 436 S.W.3d 548, 551-552 (Mo. banc 2014). A material fact in the summary judgment context is one from which the right to judgment flows. *Id.* at 552.

## Analysis

In Father's first point on appeal, Father contends that the court erred in granting summary judgment in favor of Mother because Mother was not entitled to judgment as a matter of law in that Father is not required to ask the court for continued support prior to Son reaching the age of eighteen. Father argues that, "[a]lthough it is unclear as to the trial court's legal reasoning behind its grant of summary judgment, it appears that the trial court's summary judgment is based upon the timing of Father's Motion to Modify." Father argues that Mother's contention in support of her summary judgment motion, that the custodial parent must bring the action for continued support pursuant to Section 452.340.4[1] *before* the child's eighteenth birthday, is not supported by law.

---

[1]Statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2011 Cumulative Supplement, unless otherwise noted.

4

Mother responds that she never argued that Father had a duty to file a motion for extending parental support prior to Son's eighteenth birthday. She claims that her argument was, and still is, that Father concealed or otherwise did not inform the court that Son had applied for SSI benefits when Father was before the court in 2011 and, therefore, waived any claim to extension of child support. We find this claim unsupported by the record. In reviewing the record, we find that Mother made various arguments in her Suggestions in Support of Petitioner's Motion for Summary Judgment and one of those arguments was that "[t]he problem presented by [Father's] motion to modify is that he did not file the motion until July, 2013, well past the child's eighteenth birthday." Regardless, Mother's waiver claims have no support in the law.

"'Child support payments are for the benefit of the child and the parties are not authorized to settle or compromise future payments without judicial modification of the decree.'" *Mora v. Mora*, 861 S.W.2d 226, 228 (Mo. App. 1993) (quoting *Foster v. Foster*, 703 S.W.2d 952, 954 (Mo. App. 1986)). "The parties may enter into a binding agreement to settle past due support payments if supported by adequate consideration, but they may not enter into agreements to reduce support which will accrue in the future." *Id.* Father did not explicitly waive future support in the 2011 stipulation and could not have implicitly done so.[2] Further, even if waiver were possible in this context for the reasons alleged by mother, Father disagreed with Mother's allegations that he attempted to deceive the court. Although we are not convinced that Father's failure to advise the court that Son applied for SSI has any relevance to whether Son is entitled to

---

[2]Although Mother hints that Father committed fraud upon the court, she did not expressly allege fraud and never filed a motion pursuant to Rule 74.06(b) or an independent action in equity asking for relief from the 2011 stipulation based upon Father's alleged conduct.

5

continued support from Mother pursuant to Section 452.340.4, if it does, it remains a disputed factual issue inappropriate for reaching a conclusion on in a summary judgment proceeding.

Further, the court sustained Mother's motion for summary judgment on the grounds pled by Mother -- that Son failed to enroll full-time in a post-secondary educational institution and, therefore, Son was emancipated "by operation of law." Father's motion to modify alleged that Son was is in need of continued parental support due to insolvency and mental incapacity. The court did not address these allegations. Thus, the court's judgment of emancipation presumes that, when a child attends a post-secondary institution and receives continued support past the age of eighteen pursuant to Section 452.340.5, courts are precluded from thereafter considering the applicability of Section 452.340.4. This is a faulty presumption.

When a child is attending a post-secondary institution pursuant to Section 452.340.5, the parental support obligation ends when the child completes the program or reaches age twenty-one. Section 452.340.3(6), however, provides that the support obligation ends at age twenty-one for a physically or mentally incapacitated child unless provisions of the child support order specifically extend parental support past the child's twenty-first birthday pursuant to Section 452.340.4. Section 452.340.4 is the general provision that authorizes the court to extend parental support for a child that is "physically or mentally incapacitated from supporting himself and insolvent and unmarried." There is no suggestion in these statutes that application of one of the provisions precludes consideration of the other.[3]

---

[3]Our courts have considered both simultaneously. In *Sullins v. Knierim*, 308 S.W.3d 241, 249 (Mo. App. 2010), after determining that Father's support obligation was extended while child was still enrolled in an institute of vocational or higher education due to child's learning disability, the court considered how long the extension was to last by examining if Section 452.340.3(6) applied regarding a mental or physical incapacity.

6

Our Southern District in *Bright v. Bright*, 989 S.W.2d 196, 200 (Mo. App. 1999) stated: "Having carefully examined § 452.340 in toto, this court holds the General Assembly intended that § 452.340.4 and § 452.340.5 each exist separately and independently as exceptions to the general rule in § 452.340.3(5) that a divorced parent's obligation to pay child support terminates when the child reaches age eighteen." *Bright* clarified that the test for extended support pursuant to Section 452.340.4 is whether the child's physical or mental incapacity was present *before* the eighteenth birthday. *Id.* If the incapacity appears after the child turns eighteen, Section 452.340.4 is inapplicable. *Id.*

Our Supreme Court in *Lueckenotte v. Lueckenotte* considered whether a father was obligated to continue support for a son who had been diagnosed at age thirteen with a cognitive impairment that left him completely and permanently disabled. 34 S.W.3d 387, 396 (Mo. banc 2001). Father paid child support to Mother until the son turned twenty-one, at which time he ceased support. *Id.* at 390. Mother did not request an extension of Father's support obligation until filing a motion to modify child support six years later. *Id.* at 398. At the time mother filed her motion, the son lived in a residential facility and received SSI and Medicaid payments. *Id.* Our Supreme Court determined that Mother had proven son to be incapacitated under Section 452.340.4 and reversed the trial court's judgment denying Mother's motion to modify. *Id.* The Court ordered the trial court to enter an order extending Father's obligation to pay child support. *Id.* at 398. The only adverse affect Mother's delayed filing had was to preclude Mother from collecting support for the period in-between the child reaching majority and when Mother filed her motion. *Id.* The Court stated that "[b]ecause there had been no judicial determination that [son] was physically or mentally incapacitated, triggering a support obligation under section 452.340.4, Father's obligation under the order for child support in the decree of dissolution did

7

not continue past [son's] age of majority." *Id.* The Court indicated that Mother had the ability to file a motion to modify at the time son reached majority, but did not. *Id.* Consequently, the Court had no authority to modify child support retroactive to a date before the filing of the motion and service of summons. *Id.*[4]

"'Emancipation is never presumed, and the burden is upon the party asserting it to show facts proving the emancipation." *Dowell v. Dowell*, 73 S.W.3d 709, 712 (Mo. App. 2002) quoting *Randolph v. Randolph*, 8 S.W.3d 160, 164 (Mo. App. 1999). Thus, even if Mother submitted a prima facie case for emancipation on the grounds that Son was eighteen years old and not enrolled as a full-time student in a post-secondary educational or vocational institution, Mother made no showing that she was entitled to judgment as a matter of law on Father's claim that Son was in need of continued support due to Son's incapacity.[5]

Mother contends, nevertheless, that while she styled her motion as a Motion for Summary Judgment, she verbally advised the court when she filed the motion that it could be treated as a motion for directed verdict. She contends that, because the court heard evidence and Father had a full and fair opportunity to present all of his evidence, the motion should be

---

[4]In *Lueckenotte*, the Court discussed Missouri's legislative history of parental support for incapacitated children and noted that, prior to 1988, the child had to bring a separate suit for support against the parent or intervene in the dissolution decree to give the trial court jurisdiction. 34 S.W.3d at 397. "In 1988, the Missouri legislature amended section 452.340 to provide a basis for extending a parent's support obligation past the age of presumed emancipation if the child was mentally and physically incapacitated to support himself, insolvent, and unmarried." *Id.*

[5]We note that, in Mother's "Affidavit for Termination of Child Support" that she filed in response to Father's motion to modify, Mother did not check the box indicating that "[t]he child is not physically or mentally incapacitated from supporting himself or herself, and the child's circumstances do not manifestly dictate that child support should continue." Mother only alleged emancipation on the grounds that Son had attained age twenty-one and failed to meet the requirements necessary for continued support for a child pursuing post-secondary education.

8

considered as a trial brief and we should conclude that the court, simply, agreed with Mother.[6] We cannot reach this conclusion. Mother's request ignores that the court treated Mother's motion not as a motion for directed verdict or as a trial brief, but in the manner it was styled -- as a motion for summary judgment.[7]

Further, as the hearing must be considered a summary judgment proceeding in light of the court's judgment, if the court did make credibility determinations and resolve factual issues based on that hearing, it erred in doing so. *Nokes v. HMS Host USA, LLC*, 353 S.W. 3d 6, 11 (Mo. App. 2011). A trial court is not entitled to judge the credibility of witnesses for purposes of ruling on a motion for summary judgment. *Care and Treatment of Schottel v. State*, 159 S.W.3d 836, 844 (Mo. banc 2005). When considering the appropriateness of summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *Brehm*, 426 S.W.3d at 3-4. Typically, the record for review consists solely of the written record and the pleadings, discovery, exhibits, and affidavits that are contained therein that demonstrate the lack of a genuine issue. *Public School Retirement System of Missouri v. Taveau*, 316 S.W.3d 338, 345 (Mo. App. 2010). Here, however, the court heard evidence and cited that evidence in its Findings of Fact. Mother's asks us to now view that evidence, not under a summary judgment standard, but in the light most favorable to her. We cannot.

First, we are not confident that the evidence presented at the June 6, 2014, hearing is even relevant to our consideration of whether Mother was entitled to judgment as a matter of law

---

[6]Mother makes this argument in response to Father's second point on appeal which alleges that material facts remain in dispute.

[7]We note that the record reflects that on August 28, 2014, the court issued an order stating, "[Mother]'s motion for summary judgment is sustained. [Mother] is to prepare formal order and judgment." While it is unknown if Mother actually prepared the judgment, Mother made no request for the judgment to be amended after it was issued.

9

pursuant to Rule 74.04(c).  We addressed this issue with this same circuit court in *Public School Retirement System of Missouri v. Taveau*, 316 S.W.3d 338 (Mo. App. 2010).  Therein, we discussed that Rule 74.04(c)(1) contemplates that a summary judgment motion rely only on facts based *in* the record.  *Id.* at 344.  We discussed that our Eastern District has permitted trial courts to hear oral testimony on a motion for summary judgment based on Rule 55.28, but expressed our reluctance to agree that Rule 55.28 is applicable to such motions because Rule 55.28 conditions the trial court's use of oral testimony on deciding motions that are "based on facts not appearing of record."  *Id.*; *see also Landoll ex rel. Landoll v. Dovell*, 779 S.W.2d 621, 628 (Mo. App. 1989).  "Thus, for a trial court to take oral testimony on a motion, the motion must be a motion that relies on facts *outside of the record*."  *Id.*

Second, even if Rule 55.28 allows for oral testimony in summary judgment motions, because a trial court may not judge the credibility of witnesses for purposes of ruling on a motion for summary judgment, the hearing testimony can, at most, only be considered for purposes of determining whether there is a triable issue of fact.  Here, if we consider Mother and Father's hearing testimony, it amplifies what is already evident on the face of the record; genuine disputes of material fact remain.[8]

The parties agreed in their 2011 stipulation that Son was not yet emancipated even though he was already eighteen at the time of the stipulation.  Son was still in high school at that time and Father was planning to enroll him in college.  The issue of disability was not mentioned in the 2011 stipulation, but the June 6, 2014, hearing testimony reflects that both parties were

---

[8]While we need not rely on this hearing testimony to conclude that, from the face of the record, disputes of material fact remain, as Mother relies on this hearing evidence to support her claims, we address it herein to show that it amplifies the existence of factual issues in dispute and does not unequivocally support her claims.

10

well aware of Son's limitations at the time of that stipulation. Mother testified that, until September of 2010, Son had lived with her his entire life. Son moved in with Father ten days prior to turning eighteen. Mother does not disagree that Son is disabled. She testified that Son could not have lived on his own at the time he left her home. She testified that Son has autism and is in need of assistance with independent living skills. She could not say that Son's obsessive compulsive disorder, bipolar disorder, and generalized anxiety disorder would not prevent Son from working full-time. She testified that Son received treatment and services through Johnson County Board of Services when he lived with her. She testified that, although she has made attempts, she has not spoken to or seen Son since he left her home and has no firsthand knowledge of Son's present capabilities. Mother does not dispute that Son is eligible for SSI, but testified that she would have objected to him applying had she been notified. Her reasoning was "[b]ecause in essence that says that you're just giving up. And I don't believe that that's the case. I think he's got a lot more capability. I was planning on him going to college. That's what I expected; that it would take longer, but that he would go to college."

Father testified that he never intended to deceive Mother or the court by not advising the court in 2011 that Son had applied for SSI. He testified that the SSI was pursued for the best interest of Son and Father had no idea at the time Son applied if Son would actually receive SSI or how long it would take for an eligibility determination to be made.

Thus, the hearing testimony reflects that, even Mother recognized at the time of the 2011 stipulation that, even if Son attended college, his mental condition would continue to present a limitation. This discredits Mother's contention that she was duped by Father into believing that Son's pursuit of college meant that Son would not require additional support if or when that venture ended. Further, Mother's admitted knowledge of the limitations Son exhibited when he

11

lived with her, as well as her concession that Son's condition likely qualifies him for SSI, deflates Mother's claim that Father somehow egregiously deceived her and the court when he notified no one in 2011 that Son had applied for SSI. Moreover, the hearing testimony amplifies the existence of disputed facts and the impropriety of the court granting summary judgment in this matter.

We conclude, therefore, that the circuit court erred in granting Mother's motion for summary judgment on the grounds that Son was emancipated "by operation of law" as of October 1, 2011, due to Son's graduation from high school and failure to enroll full-time in a post-secondary educational institution on or before October 1, 2011. Father's motion to modify alleged that Son is in need of continued support due to being insolvent, unmarried, and having a mental incapacity that renders him unable to support himself. Mother denied that allegation and those factual issues remain to be resolved. We reverse the circuit court's judgment and remand this matter for a determination regarding all matters still in dispute.[9]

_____
Anthony Rex Gabbert, Judge

All concur.

_____

[9]We grant Father's first point alleging that he was not required to ask the court for continued support prior to son reaching the age of eighteen, and grant Father's second point alleging the existence of disputed material facts. As Father's first and second points on appeal are dispositive, we need not address his third and fourth points.

12