

# SUPREME COURT OF MISSOURI
# en banc

RONALD BREHM, )
              )
           Appellant, )
              )
vs. )    No. SC93511
              )
BACON TOWNSHIP, et al., )
              )
           Respondents. )

### Appeal from the Circuit Court of Vernon County
### The Honorable James R. Bickel, Judge

### *Opinion issued March 25, 2014*

The trial court granted summary judgment against Ronald Brehm in this action in which he sought a declaratory judgment that a gravel road running along the eastern edge of his property, parallel to an abandoned railroad track, belonged to him and was not a public road. The trial court found that the road did not belong to him and was a public road pursuant to section 228.190.2[1] because it was designated as such and had been allocated county aid road trust funds (CART funds) for at least five years. Mr. Brehm appeals, arguing that section 228.190.2 is unconstitutional and that he raised a question of fact as to his ownership interest in the road, precluding summary judgment.

This Court does not reach the issue on which the trial court granted summary judgment because Mr. Brehm failed to show that he had an ownership interest in the strip

---

[1] All citations to section 228.190 are to RSMo Supp. 2013. All other statutory references are to RSMo 2000, unless otherwise indicated.

of land on which the gravel road runs to which section 228.190.2 could apply. While he asserted in his petition that he owned an interest in the property on which the road runs either by deed or by prescription or through abandonment of the road, the defendants' motion for summary judgment denied that he owned an interest in road and, in support, attached a 2011 judgment quieting title in the Missouri Conservation Commission and stating that he merely had a license to use the road. Mr. Brehm's response admitted that the judgment quieted title in someone other than him, and he did not present any contrary evidence that he owned the 40-foot strip on which the road runs. His affidavit averred only that he owns the land adjoining the road. Because Mr. Brehm failed to show he has a current ownership interest in the strip of land on which the road runs, he failed to show an interest in the lawsuit sufficient to give him standing to bring this action. The trial court's judgment is affirmed.

## I.    *FACTUAL AND PROCEDURAL BACKGROUND*

A gravel road known as Road 2710[2] runs along the western side of a portion of the now-abandoned Missouri Kansas Texas (MKT) Railroad track from Schell City in Vernon County to the Schell–Osage conservation area. Mr. Brehm owns the property to the west of the gravel road. The Missouri Department of Conservation, through the conservation commission, owns the property to the east of the railroad bed.

In approximately 1990, Aquila Inc., formerly known as the Missouri Public Service Company, erected a gate at the intersection of Road 2710 and 5th Street in Schell

---

[2] The road is referred to in the parties' filings both as Road 2710 and CRD 2825/726. This opinion will refer to Road 2710.

City.  Aquila, Mr. Brehm and Union Pacific Railroad each held keys to the gate and used the gate to access the property.[3]

Schell City removed the gate in 2008.  Mr. Brehm then filed the instant action seeking a declaratory judgment that Schell City had no right to remove the gate without his permission because he owns an interest in the land on which the gravel road is located.  He further sought to enjoin the defendants named in the suit, Schell City and Bacon Township, from removing any gate or other device restricting access to the road.

Mr. Brehm's petition alleges that the Vernon County deed records describe his property as including the land west of the MKT railway bed "subject to whatever rights were acquired by the State of Missouri, (**if any**) in 'a strip of ground 40-feet wide lying west of and adjacent to the (original) MKT right-of-way'" – that is, the strip on which Road 2710 runs. (Emphasis original to the petition).  The petition alleges that this deed gave him either a fee interest in the land west of Road 2710 and a prescriptive right to ingress and egress over Road 2710, or outright ownership of the land on which Road 2710 runs.  Alternatively, should the trial court find that Road 2710 was not his by deed, the petition alleges that the road was abandoned after five years without public use, pursuant to the version of section 228.190 in effect in 1990 when the gate first was erected across the road.[4]

---

[3] Mr. Brehm asserted in his petition that Aquila erected the gate with his permission and that of the conservation commission and that any use of the road since 1990 has been only with his permission or that of Aquila or Union Pacific.  The defendants denied that Mr. Brehm had the right to grant or deny them access to the road.

[4] Section 228.190, RSMo 1986, now codified as section 228.190.1, states in relevant part that "nonuse by the public for five years continuously of any public road shall be deemed

Subsequent to the petition's filing, Vernon County was joined as a defendant, and the Missouri Department of Conservation was granted leave to intervene.[5] The Department of Conservation moved for summary judgment on the basis that, whatever its former ownership, Road 2710 indisputably became a public county road by operation of section 228.190.2.[6] This section provides that a road for which a county receives CART funds for at least five years is "conclusively deemed to be a public county road." The Department provided affidavit evidence that these statutory requirements were met, and it also attached a 2011 judgment quieting title to the strip of land in the conservation commission. Mr. Brehm responded by challenging the constitutional validity of the statute. The trial court granted summary judgment against Mr. Brehm based solely on the operation of section 228.190.2, without resolving any constitutional issues.

Because this case involves the validity of a state statute, this Court has exclusive appellate jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

## II. STANDARD OF REVIEW

The grant of summary judgment is an issue of law that an appellate court determines *de novo*. *City of St. Louis v. State, 382 S.W.3d 905, 910 (Mo. banc 2012), citing ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376*

an abandonment and vacation of the same."

[5] For ease of reference, this opinion will refer to the defendant-respondents jointly as the "Department of Conservation" or "Department."

[6] Mr. Brehm's claims of ownership, either by deed or by prescription or by abandonment, were disputed by the Department below. This Court does not resolve these specific factual issues but rather looks to whether genuine issues of *material* fact exist as to the current ownership of the road that would preclude summary judgment by demonstrating Mr. Brehm's standing to bring an as-applied constitutional challenge to section

4

*(Mo. banc 1993).* An appellate court "review[s] the record in the light most favorable to the party against whom judgment was entered" and gives the non-movant "the benefit of all reasonable inferences from the record." *Id.* It may affirm if the record shows that summary judgment was appropriate either on the basis it was granted by the trial court or on an entirely different basis, if supported by the record. *See ITT Commercial, 854 S.W.2d at 387-88.* Here, Mr. Brehm raises a constitutional challenge to section 228.190.2. This Court also reviews *de novo* questions about the constitutional validity of a statute, and about a party's standing to raise such constitutional questions. *Schweich v. Nixon, 408 S.W.3d 769, 773 (Mo. banc 2013).*

## III. THE TRIAL COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT

On appeal, Mr. Brehm's sole point relied on asserts that section 228.190, as amended in 2006, is unconstitutional because it conclusively presumes that a road is public, regardless of prior ownership or abandonment of the roadway, after a county receives CART funds for the road for five years. The statute provides, in pertinent part:

> From and after January 1, 1990, any road in any county that has been identified as a county road for which the county receives allocations of county aid road trust funds from or through the department of transportation for a period of at least five years shall be conclusively deemed to be a public county road without further proof of the status of the road as a public road. No such public road shall be abandoned or vacated except through the actions of the county commission declaring such road vacated after public hearing, or through the process set out in section 228.110.

*§ 228.190.2.* The summary judgment record shows that Road 2710 met the five-year

---

228.190.2. *See Rule 74.04(c)(6).*

requirement for it to be "conclusively deemed … a public road" under section 228.190.2; it had appeared on Vernon County's inventory of CART-funded roads at least since 1992 and had been allocated CART fund payments for approximately 22 years.

On appeal, Mr. Brehm does not dispute these facts. He claims instead that the statute, as applied to him, violates the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Missouri Constitution because it allowed Road 2710 to become a public road, simply through its designation on a map in a private government office and the passage of five years time, without providing him notice and an opportunity to assert his property interest. He says that he also has been deprived of his ownership interest in the road without just compensation, in violation of the Fifth Amendment and article I, section 26 of the Missouri Constitution.[7]

Constitutional considerations relating to due process could be implicated had the sole basis of the Department's claim to the road been that it became public land by virtue of the State privately listing it as a public road for five years without any notice to Mr. Brehm.[8] Similarly, if this statute were used to take private property without just

---

[7] Mr. Brehm also contends that the statute constitutes an *ex post facto* law, prohibited by Article I, Section 9 of the United States Constitution and by article I, section 13 of Missouri Constitution. The prohibition against *ex post facto* laws applies exclusively to criminal laws, however. *See, e.g., Rentschler v. Nixon, 311 S.W.3d 783, 788 (Mo. banc 2010).* Moreover, Mr. Brehm has failed to support his claim of an *ex post facto* violation with any applicable authority, in violation of Rule 84.04, nor has he made any argument or cited any relevant authority that would show that the statute violates the bar on retrospective civil laws contained in article I, section 13.

[8] *MO. CONST. art. I, § 10* ("That no person shall be deprived of life, liberty or property without due process of law"); *Jamison v. State, Dep't of Soc. Servs., Div. of Family*

compensation, constitutional implications would follow.[9]

This Court need not reach these issues, however, because they are not properly before it. "Generally, only those adversely affected by a statute have standing to challenge the constitutionality of the statute." *State v. Young, 362 S.W.3d 386, 396 (Mo. banc 2012), quoting Lester v. Sayles, 850 S.W.2d 858, 873 (Mo. banc 1993).* To raise these constitutional issues, therefore, Mr. Brehm must show he has "some legally protectable interest in the litigation so as to be directly and adversely affected by its outcome." *Schweich, 408 S.W.3d at 775, quoting Mo. State Med. Ass'n v. State, 256 S.W.3d 85, 87 (Mo. banc 2008).* Proof of a legally protectable interest requires a showing of "a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief." *Id., quoting Mo. Soybean Ass'n v. Mo. Clean Water Comm'n, 102 S.W.3d 10, 25 (Mo. banc 2003).*

Here, Mr. Brehm claims his legally protected interest is his alleged ownership interest in the strip of land on which Road 2710 runs. He points to his petition, which alleges that he has an ownership interest in the strip of land either by deed, by prescription or because the public abandoned the property before the 2006 amendment to section 228.190. In other words, he pleaded that he owned an interest in the property.

---

*Servs., 218 S.W.3d 399, 405 n.7 (Mo. banc 2007)* (noting "that Missouri's due process provision parallels its federal counterpart, and in the past this Court has treated the state and federal due process clauses as equivalent").

[9] *MO. CONST. art. I, § 26* ("That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein

The difficulty for Mr. Brehm is not his pleading of an ownership interest but the fact that he failed to support it once the Department moved for summary judgment.

Rule 74.04(c)(1) requires a party moving for summary judgment to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The movant must support its assertions with "specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." *Id.*

The Department complied with the requirements set out in Rule 74.04(c)(1). It filed a motion with a statement of uncontroverted facts in separately numbered paragraphs, and suggestions in support, denying Mr. Brehm's claimed ownership interest. It attached to the motion an affidavit from a senior planning technician at the Missouri Department of Transportation who averred that Road 2710 had been on Vernon County's CART inventory since 1992 or earlier and, so, the County had received CART funds for the road for approximately 22 years. A longtime Department of Conservation employee provided another affidavit attesting to the continuing public use of the road by Department workers and by hunters and other recreation seekers since 1978.

The Department also attached to its motion a quiet title judgment entered by the Vernon County circuit court against Mr. Brehm in October 2011 in *Conservation Commission of Missouri v. Brehm, 10VE-CV00879.* The descriptions of the property at issue in the quiet title action and the descriptions of the property set out in Mr. Brehm's petition in this action are the same. Both describe the property at issue, in nearly

divested …"). *See also § 523.010 et seq.* (eminent domain procedures).

8

identical terms, to include: "[a] strip of land 40 feet in width … lying West of and adjacent to the original right-of-way of the M.K.T. Railroad." The maps attached to the Department's summary judgment motion show this is the location of Road 2710.

The 2011 judgment expressly quieted title to this tract, including the "strip of land 40 feet in width … lying West of and adjacent to the original right-of-way of the M.K.T. Railroad," in the conservation commission. It explicitly gave Mr. Brehm only permission (i.e., a license) to use the road, stating "Defendant's *use* of the existing gravel road … shall not be affected by this judgment." (Emphasis added).

Where a motion for summary judgment is made and supported, as it was here, the opposing party "may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." *Rule 74.04(c)(2); ITT Commercial, 854 S.W.2d at 381-82.*

Here, Mr. Brehm responded to the motion for summary judgment by claiming that he owned the road due to abandonment by the public. The only evidence he relied on to support this position, however, was his own affidavit. The affidavit does state that he "purchased the property *adjoining* the disputed road," (emphasis added), and asserts that people had used it only with his permission and that he had maintained it. But the affidavit does *not* state that Mr. Brehm currently owns an interest in the strip on which the road runs.[10]

_____

[10] Although he states in his affidavit only that he purchased land "adjoining" the road, not that he owns the land on which the road itself lies, he asserts in his summary judgment

9

To the contrary, his summary judgment response admits the truth of paragraph 6 of the Department's statement of uncontroverted material facts. This paragraph identifies the conservation commission as the owner of the tract of land including the "strip of land 40 feet in width … lying West of and adjacent to the original right-of-way of the M.K.T. Railroad" pursuant to the quiet title judgment. Nor did Mr. Brehm's affidavit deny the validity of, or even mention, much less controvert, the 2011 judgment quieting title to the road in someone other than him and providing him with only permission to use the road.[11]

For all of these reasons, Mr. Brehm has failed to show he has a "legally protect-able interest in the litigation so as to be directly and adversely affected by its outcome." *Schweich, 408 S.W.3d at 775.* Accordingly, the trial court did not err in granting summary judgment against him. Because resolution of this issue is dispositive, this Court need not reach the other issues raised on appeal.

response and on appeal that his property rights to the road vested in 1995, due to public nonuse of the road for five years after the erection of the gate and pursuant to the prior version of 228.190. Even were the Court to assume that he had gained an interest of some kind in the land in 1995 – an issue the Court does not reach as Mr. Brehm neither includes this argument in his point relied on nor cites facts or authority to support it – any interest that he may have been able to claim in 1995 was extinguished by the 2011 judgment that quieted title to the strip of land in the conservation commission.

[11] At oral argument, Mr. Brehm's counsel suggested that the quiet title action did not include the strip of land in question, despite the fact that the legal descriptions given in the judgment and in the petition are the same. Mr. Brehm was required to offer evidence to support this claim in the trial court, however, in response to the motion for summary judgment. He cannot attempt to create a fact issue for the first time in oral argument. *See Rule 74.04(c)(2)* (providing means of contesting issues of fact in response to a motion for summary judgment and providing that any uncontroverted fact shall be taken as true for purposes of summary judgment); *see also Rule 84.13(a)* ("allegations of error not briefed or not properly briefed shall not be considered").

IV.	*CONCLUSION*

The trial court's entry of summary judgment is affirmed.

_____

**LAURA DENVIR STITH, JUDGE**

All concur