

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| BIG A LLC, )<br><br>Respondent, )<br><br>v. )<br><br>LINDWORTH INVESTMENTS, LLC, )<br>et al., )<br><br>Appellants. ) | **WD77400**<br><br>**OPINION FILED:**<br>**November 12, 2014** |

**Appeal from the Circuit Court of Pettis County, Missouri**
**The Honorable Robert L. Koffman, Judge**

**Before Division II:** Victor C. Howard, Presiding Judge, and
Mark D. Pfeiffer and Gary D. Witt, Judges

Lindworth Investments, LLC ("Lindworth"), and Paul Vogel ("Vogel") appeal the summary judgment granted by the Circuit Court of Pettis County, Missouri ("trial court"), in favor of Big A, LLC ("Big A"). On appeal, Lindworth and Vogel claim that the trial court erred in granting summary judgment to Big A because section 432.040[1] does not apply to the fraudulent misrepresentations that Lindworth and Vogel allege to have been made by Big A's predecessor in interest and upon which Lindworth and Vogel relied in executing the promissory

---

[1] All statutory references are to the Revised Statutes of Missouri 2000 as updated by supplement.

notes that were the subject of Big A's lawsuit. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

Viewing the facts in the light most favorable to the non-movants,[2] as we must, they are as follows:

Vogel is the manager of Lindworth, an investment company. Lindworth and/or Vogel had done business with Excel Bank ("Bank") in the past and trusted Bank's officers. In June of 2010, Shaun Hayes ("Hayes"), an officer and director of Bank, contacted Vogel about an investment opportunity. Vogel met Hayes and another bank officer named Timothy Murphy ("Murphy") in one of Bank's offices.

At the meeting, Hayes and Murphy told Vogel that Bank had made certain loans to an entity known as Eighteen Investments, Inc. ("Eighteen"). The loans were evidenced by promissory notes ("the Eighteen promissory notes") and were secured by real property in Arizona. Hayes and Murphy told Vogel that Bank wanted to get the loans to Eighteen off of its books for regulatory reasons and that it would sell the notes to Vogel and/or Lindworth for an amount less than the note balances. They fraudulently misrepresented to Vogel that the value of the Arizona real estate exceeded the balance due on the notes. They also fraudulently misrepresented to Vogel that a property manager was managing the Arizona real estate and that the rents coming in would more than service the debt.

Lindworth and Vogel relied upon these misrepresentations, and on June 29, 2010, Lindworth, through Vogel, executed promissory notes ("the Lindworth promissory notes") borrowing money from Bank with which Lindworth either purchased the Eighteen promissory

_____

[2] Because the trial court granted Big A's motion for summary judgment, we view any disputed facts in the light most favorable to Lindworth and Vogel, the parties against whom summary judgment was entered. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993).

2

notes from Bank or purchased the real property from Eighteen (the pleadings in the record indicate both scenarios in different places, and the exact sequence of transactions is unclear). Vogel served as guarantor of the Lindworth promissory notes. The rents for the Arizona properties were assigned to Bank. A few months later, Bank called Vogel and notified him that no payments had been made on the Lindworth promissory notes for some time. Vogel learned for the first time that no property manager handled the Arizona properties, no rent was being collected and forwarded to Bank, rental income was not sufficient to service the debt on the Lindworth notes, and the balance due on the Lindworth notes far exceeded the value of the Arizona property.

Bank subsequently assigned the Lindworth promissory notes to Big A.[3] Big A sued Lindworth and Vogel, seeking a judgment for the balance due on the unpaid Lindworth promissory notes plus interest, late fees, collection costs, court costs, and attorneys' fees. Lindworth and Vogel admitted executing and guarantying, respectively, the Lindworth notes. In their amended answer, however, Lindworth and Vogel pled the affirmative defenses of fraud in the inducement, negligent misrepresentation, breach of the covenant of good faith and fair dealing, and unclean hands. Big A filed a motion for summary judgment, arguing, *inter alia*, that sections 432.040 and 432.047, each of which is in the nature of a statute of frauds, prohibit Lindworth and Vogel from relying upon Hayes's and Murphy's claimed oral fraudulent misrepresentations regarding the Arizona property to support their affirmative defenses to Big A's suit on the Lindworth notes.

The trial court granted summary judgment to Big A, first concluding that Lindworth's and Vogel's affirmative defense of unclean hands failed as a matter of law because unclean

---

[3] Although Big A is the current holder of the Lindworth notes, it does not claim to be a holder in due course. As such, Big A concedes that it is subject to any defenses that Lindworth and Vogel could assert against Bank (L.F. 440). *See* §§ 400.3-302, 400.3-305.

3

hands is an equitable defense unavailable for actions at law.[4]  The trial court then concluded that

Lindworth's and Vogel's remaining affirmative defenses were barred by section 432.040,

because the misrepresentations that induced Lindworth and Vogel to enter into the subject

transactions with Bank were not in writing.[5]  Because the trial court concluded that all of

Lindworth's and Vogel's affirmative defenses failed as a matter of law, it granted summary

judgment in favor of Big A in the amount of $369,309.88, plus post-judgment interest.

Lindworth and Vogel appeal the trial court's summary judgment only as to their affirmative

defense of fraudulent misrepresentation.[6]

## Standard of Review

Appellate review of summary judgment is essentially *de novo*.  *Brehm v. Bacon Twp.*,

426 S.W.3d 1, 3 (Mo. banc 2014); *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*,

854 S.W.2d 371, 376 (Mo. banc 1993).  Summary judgment is appropriate when "there is no

---

[4] *See State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 89 (Mo. banc 2003) ("If the pleadings do not contain an equitable claim, the case is not in equity."); *Russell v. Casebolt*, 384 S.W.2d 548, 553 (Mo. 1964) ("We find no justification in Missouri law for applying the equitable doctrine of 'unclean hands' to enforce the dismissal of an action at law for personal injuries upon the grounds stated here."); *Swisher v. Swisher*, 124 S.W.3d 477, 483 (Mo. App. W.D. 2003) ("The unclean hands doctrine is not available as a defense to proceedings at law, even though based on equitable principles." (citing *Karpierz v. Easley*, 68 S.W.3d 565, 571-72 (Mo. App. W.D. 2002)).

[5] The trial court found that section 432.047, which was an alternate basis for Big A's motion for summary judgment, was inapplicable.  We agree.  Section 432.047 "is solely a limitation on the ability of a debtor to maintain an action against a creditor under such an agreement or a limitation upon what defenses may be available to a debtor."  *Bailey v. Hawthorn Bank*, 382 S.W.3d 84, 93 (Mo. App. W.D. 2012).  This particular statute of frauds merely sets forth the "minimum requirements [that] must be met before the debtor can proceed with *any* action or defense to a credit agreement."  *Id.*  Section 432.047 does not statutorily dictate that the contract itself is valid and enforceable, only that as to the relevant terms and conditions of the credit agreement, the statute of frauds prohibits parol evidence to contradict the stated contract terms.  *See Bancorpsouth Bank v. Paramount Props., LLC*, 349 S.W.3d 363 (Mo. App. E.D. 2011); *Bison Park Development, LLC v. N. Am. Savings Bank, F.S.B.*, 399 S.W.3d 877 (Mo. App. W.D. 2013).  Here, the alleged false representations by Bank's officers do not contradict "the payment of interest . . . and . . . relevant terms and conditions" of the notes and guaranties which were "in writing" as required by section 432.047.  Instead, the alleged fraudulent misrepresentations challenge the enforceability of the notes and guaranties, as Lindworth and Vogel claim that the misrepresentations induced them to enter into credit agreements they would not have entered into but for the misrepresentations.

[6] Thus, they have abandoned any claim of error as to the trial court's ruling on their remaining claimed affirmative defenses.  *See Poplar Bluff Internet, Inc. v. City of Poplar Bluff*, 427 S.W.3d 343, 348 n.10 (Mo. App. S.D. 2014) (claims asserted but ruled unfavorably upon by the trial court and not included in point relied on were deemed abandoned).

4

genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6).

## Analysis

In their single point on appeal, Lindworth and Vogel claim that the trial court erred in granting summary judgment because section 432.040, which served as the basis for the trial court's grant of summary judgment, is inapplicable to the fraudulent misrepresentations that Bank officers made to Vogel to induce Lindworth to execute the Lindworth promissory notes and Vogel to serve as guarantor. Section 432.040 states, in its entirety:

> No *action* shall be brought to charge any person upon or by reason of any representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance be made in writing, and subscribed by the party to be charged thereby, or by some person thereunto by him lawfully authorized.

(Emphasis added.) "The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider the words used in the statute in their plain and ordinary meaning." *Estes v. Cole Cnty.*, 437 S.W.3d 307, 312 (Mo. App. W.D. 2014) (internal quotation omitted).

Big A argued below, and the trial court agreed, that the alleged oral fraudulent misrepresentations that Bank officers made to Vogel all concerned the credit of Eighteen, and therefore, Lindworth and Vogel cannot rely upon them to support their affirmative defenses of fraudulent inducement and/or misrepresentation. We conclude that Big A and the trial court have misconstrued the nature and applicability of section 432.040.

First, conspicuously unlike the other statutory provision upon which Big A relied below, section 432.047.2, which applies to "an action . . . *or a defense*," the plain language of section 432.040 limits application to "*action[s]*" that "shall be brought." The only *action* brought in the

present lawsuit is Big A's *action* against Lindworth and Vogel to recover on the Lindworth promissory notes. The claimed fraudulent misrepresentations were not asserted by Lindworth and Vogel in a counterclaim but, instead, were asserted as support for affirmative *defenses* to Big A's claims. Big A presents us with no authority, nor have we found any such precedent, applying section 432.040 to bar a claimed affirmative *defense* of fraudulent misrepresentation. Given the plain, ordinary, and unambiguous language of section 432.040, we conclude that section 432.040 only applies to "actions" and not "defenses." Thus, we conclude that Lindworth and Vogel's affirmative *defense* of fraudulent inducement is not barred by section 432.040.

Second, section 432.040 has been held to apply "only to such cases wherein the purpose of the representation is to enable a third person to obtain credit."[7] *Singman v. Kostrean Realty, Inc.*, 107 S.W.2d 196, 199 (Mo. App. 1937). Clearly, that is *not* the present factual scenario. Eighteen Investments is the entity to whose credit Big A argues that the alleged misrepresentations relate. But Bank was not attempting to entice Lindworth or Vogel to grant credit to Eighteen. Eighteen had already obtained the credit it needed to buy the Arizona properties. Instead, Bank was trying to entice Lindworth and Vogel to execute new promissory notes with Bank, based upon Lindworth's and Vogel's own credit, to either purchase the Eighteen promissory notes from Bank or to purchase the Arizona real property from Eighteen. In other words, one way or another, Bank used the fraudulent misrepresentations to induce Lindworth and Vogel to substitute their own *good* credit for that of the *poor* credit of Eighteen. Again, Big A points to no precedent where, with a similar factual scenario, section 432.040 or its predecessor has been used to prohibit evidence of fraudulent oral misrepresentations made to entice a party to take on its own debt to the benefit of the party making the false statements.

---

[7] *Singman* analyzed an earlier version of this provision, codified as section 2970, RSMo 1929. The relevant language of the present statute does not differ materially from the prior version.

6

Consistent with the ruling in *Singman*, then, we conclude that section 432.040 does not bar the claimed affirmative defense of fraudulent misrepresentation under the factual scenario with which we are presented in this case.

Lindworth's and Vogel's point on appeal is granted.

## Conclusion

The trial court erred in granting summary judgment in favor of Big A. We therefore reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
Mark D. Pfeiffer, Judge

Victor C. Howard, Presiding Judge, and
Gary D. Witt, Judge, concur.