

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00033-CR

---

**IN RE HUNTER TYLER SCHRECK**

---

ORIGINAL PROCEEDING

---

February 14, 2022

## OPINION

**Before PIRTLE and PARKER and DOSS, JJ.**

Relator, Hunter Tyler Schreck, appearing pro se, filed a petition asking this Court to issue a writ of mandamus against respondents, the Honorable Ana Estevez, presiding judge of the Ninth Administrative Judicial Region, and the Honorable Ed Self, senior judge of the 242nd District Court of Hale County, Texas.[1]  By his petition, relator seeks an order compelling the respondents to appoint him counsel.  We deny the petition.

Mandamus relief is generally only appropriate when the trial court has clearly abused its discretion and the relator has no adequate remedy by appeal.  *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011).  "A trial court abuses its discretion if it clearly fails to

---

[1] Judge Self was appointed by Judge Estevez to the 47th District Court of Randall County to preside over the motion to recuse the Honorable Dan Schaap in the underlying criminal prosecution.  Nothing in the order of assignment granted Judge Self any authority over the pending criminal proceeding.

analyze the law correctly or apply the law correctly to the facts." *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). An appellate remedy may be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to render it inadequate. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). As the party seeking relief, the relator bears the burden to provide a sufficient record to establish his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator presents three issue for the relief sought. By his first issue, relator contends that respondents have refused to appoint counsel to represent him. By his second issue, he contends that Judge Estevez's order denying his motion to recuse Judge Self violates Texas Rules of Civil Procedure 18a and 18b.[2] By his third issue, relator contends that respondents have denied relator his due process and equal protection rights.

By his first issue, relator contends that respondents have refused to appoint counsel to represent him. Appellant was appointed counsel in his underlying criminal prosecution in October of 2021. However, within a few weeks, relator sought removal of his appointed counsel. Likewise, appointed counsel sought withdrawal from representation of relator. In early December 2021, counsel's motion to withdraw was granted. Relator then filed a request for appointment of counsel on January 19, 2022. On the same date, relator filed a motion to recuse Judge Schaap from presiding over his criminal case. Two days later, Judge Schaap entered an order referring the recusal issue to the Ninth Administrative Judicial Judge, Judge Estevez. Judge Estevez then appointed

---

[2] This motion to recuse Judge Self is a separate motion from the motion to recuse Judge Schaap over which Judge Self was appointed.

Judge Self to preside over the recusal issue only. Relator filed a motion for appointment of counsel and an attorney was appointed to represent relator limited to the issue of the recusal of Judge Schaap. *See* TEX. R. CIV. P. 18a(g)(4) (assigned judge may issue interim or ancillary orders in the pending case as justice requires). Within a matter of days, appointed counsel requested withdrawal from the case, which Judge Self granted. Judge Self then appointed new counsel to represent relator limited to the recusal matter. *Id.* Nothing in the mandamus record reflects that this latest appointed counsel has been removed from representation. Therefore, the record before this Court reveals that counsel has been appointed to represent relator in the currently pending recusal proceedings. Until the recusal matter is resolved, there is no judge that can appoint counsel to represent relator in the underlying criminal proceedings.[3] Thus, we deny relator's first issue as moot.

By his second issue, relator contends that Judge Estevez's order denying relator's motion to recuse Judge Self violates Texas Rules of Civil Procedure 18a and 18b. Judge Estevez's order states that "Rule 18a provides that a motion 'must not be based solely on the judge's ruling in the case[,] and . . . must state with detail and particularity facts that[,] if proven, would be sufficient to justify recusal or disqualification." Judge Estevez then explains that relator's sole reason for seeking recusal or disqualification of Judge Self is because he has "ignored" a request for appointment of counsel.[4] A refusal to rule on a pending motion is effectively a ruling on said motion. While mandamus relief will lie to remedy an unreasonable refusal to rule on a motion, *see, e.g., In re Craig*, 426 S.W.3d

---

[3] This is so because Judge Self has no authority to hear any matter in the criminal prosecution and further proceedings must await resolution of the recusal matter.

[4] We note that the mandamus record reflects that relator was appointed counsel for the recusal matter the day following the order denying relator's motion to recuse Judge Self.

3

106, 106-07 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding), such a refusal to rule may not be grounds for recusal. *See* Tex. R. Civ. P. 18a(a)(3). As such, Judge Estevez was authorized to summarily deny the motion for noncompliance. *Id.* at 18a(g)(3)(A).[5] Consequently, we deny relator's second issue.

Finally, relator contends, by his third issue, that Judges Estevez and Self have denied him his due process and equal protection rights. The argument related to this issue is that relator has previously been determined to be indigent and that his due process and equal protection rights are being denied because he has not been appointed counsel. As addressed above, relator has been appointed counsel for the pending recusal matter and, until resolution of the recusal matter, there is no judge in place to appoint counsel for his underlying criminal proceedings. Since relator's third issue essentially restates his first issue, we deny his third issue as moot.

For the foregoing reasons, we deny relator's petition for writ of mandamus.


Judy C. Parker
Justice

Publish.

---

[5] This Court is aware that a motion to disqualify may not be denied summarily for noncompliance. *Id.* at 18a(g)(3)(B). However, the motion filed by relator challenging Judge Self claimed that Judge Self's impartiality might reasonably be questioned and that he has a personal bias or prejudice concerning the subject matter or a party. These are grounds for recusal only. *See id.* at 18b(b)(1) & (2).

4