

# SUPREME COURT OF MISSOURI
## en banc

JOHN LISLE,        )
       )
       Appellant,      )
       )
v.        )     No. SC99670
       )
MEYER ELECTRIC CO., INC.,    )
       )
       Respondent.     )

*Opinion issued May 16, 2023*

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable Marco Roldan, Judge

John Lisle appeals the circuit court's judgment in favor of Meyer Electric Co., Inc., on his claim Meyer Electric violated section 287.780[1] when it refused to hire him because he exercised his rights under chapter 287 during his previous employment with Meyer Electric. He asserts the circuit court erred in sustaining Meyer Electric's motion for summary judgment in that section 287.780 prohibits employers from discriminating against former employees because of the exercise of workers' compensation rights. He also claims the circuit court erred in entering summary judgment because the evidence was sufficient to allow a jury to find Meyer Electric refused to hire him in retaliation for exercising his rights under chapter 287 during their prior employment relationship.

---

[1] All statutory citations are to RSMo Supp. 2017, unless otherwise noted.

The words "employer" and "employee" as used in section 287.780 may reasonably be interpreted to mean employers and employees in a current employment relationship or, alternatively, in either a current or previous employment relationship. Strictly construed as required by section 287.800.1, "employer" and "employee" are defined more narrowly so that protections and sanctions in section 287.780 apply only to employers and employees in a current employment relationship. Because it is an uncontroverted material fact Mr. Lisle was not an employee of Meyer Electric when it refused to hire him in June 2019, Meyer Electric established its right to judgment, as a matter of law. Accordingly, the circuit court's judgment is affirmed.

## Factual and Procedural Background[2]

Mr. Lisle is a journeyman electrician and member of the International Brotherhood of Electrical Workers (IBEW) Union. In May 2017, Meyer Electric hired Mr. Lisle, a commercial electrical contractor, to work on a construction project at an elementary school in Chillicothe. On April 27 and May 2, 2018, Mr. Lisle advised Tim Mehrhoff, Meyer Electric's project foreman, he was suffering from work-related carpal tunnel syndrome and asked Mr. Mehrhoff to fill out an injury report. Mr. Mehrhoff allegedly replied, "If you ask for an injury report, they will lay you off." On May 2, 2018, Meyer Electric's president, Leon Keller, became aware Mr. Lisle wanted to file an injury report and a workers' compensation claim and terminated Mr. Lisle's employment the following day. After his

_____

[2] Portions of the court of appeals' opinion handed down prior to transfer are adopted herein without further attribution.

termination, Mr. Lisle filed a workers' compensation claim and a lawsuit against Meyer Electric, alleging wrongful discharge under section 287.780.[3]

In June 2019, more than a year after Meyer Electric terminated Mr. Lisle's employment, Mr. Lisle saw Meyer Electric's job posting for a journeyman electrician to work on a construction project at Carrollton High School. Mr. Lisle, who was unemployed and pursuing his wrongful discharge claim against Meyer Electric at the time, applied for the job through IBEW Local Union 124. The union's referral agent telephoned Mr. Mehrhoff and, during a conversation including Mr. Lisle, Mr. Mehrhoff said he "would probably hire [Mr. Lisle] back." Mr. Lisle received a union referral notice – a union-issued document – the member takes to the worksite to begin work. Shortly after receiving the referral, however, Mr. Mehrhoff texted Mr. Lisle that Mr. Keller had instructed him not to hire Mr. Lisle. Four days later, Meyer Electric hired another electrician despite Meyer Electric's agreement with the union giving Mr. Lisle priority over the electrician who was hired.

In November 2019, Mr. Lisle filed the instant lawsuit against Meyer Electric. In the sole claim in his petition, Mr. Lisle alleged Meyer Electric violated section 287.780 when it did not hire him in June 2019 in retaliation for exercising his workers' compensation rights in May 2018. Meyer Electric filed a motion for summary judgment in which it asserted the uncontroverted material facts affirmatively negated an element of Mr. Lisle's

---

[3] Mr. Lisle's suit for retaliatory discharge against Meyer Electric was dismissed with prejudice in May 2022 and is not the subject of this appeal.

claim because he was not an employee in June when Meyer Electric chose not to hire him for the Carrollton High School project. The circuit court sustained the motion and entered summary judgment in Meyer Electric's favor.

Mr. Lisle appealed, and, after opinion, the court of appeals transferred the case to this Court. Mo. Const. art. V, sec. 10.

## Standard of Review

Review of the circuit court's grant of summary judgment is *de novo*. *Holmes v. Steelman*, 624 S.W.3d 144, 148 (Mo. banc 2021). "Summary judgment will be affirmed when the moving party has established a right to judgment as a matter of law on the basis of facts as to which there is no genuine dispute." *Id.* (internal quotation omitted). A defending party may establish a right to judgment, as a matter of law, by showing:

> (1) [F]acts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.

*ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993) (emphasis omitted). In determining whether a party has established a right to judgment, issues of "statutory interpretation are questions of law reviewed *de novo*." *Holmes*, 624 S.W.3d at 149.

## Employment Relationship Required at Time of Discrimination

In his first claim of error, Mr. Lisle asserts the circuit court erred in sustaining Meyer Electric's motion for summary judgment because the undisputed facts show Meyer Electric

4

violated section 287.780 by "refusing to rehire" Mr. Lisle in retaliation for exercising his workers' compensation rights for an injury that occurred during their prior employment relationship. Mr. Lisle claims the circuit court misapplied the provisions of section 287.780 by requiring him to establish he was an "employee" at the time Meyer Electric discriminated against him for exercising his workers' compensation rights.

Mr. Lisle's claim requires this Court to determine the meaning of the language in section 287.780. "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used and to give effect to that intent if possible." *Mo. State Conf. of NAACP v. State*, 607 S.W.3d 728, 732 (Mo. banc 2020) (alterations omitted). When a statute defines a word used in a statute, the statutory definition of that word must be employed in determining the statute's meaning. *Cosby v. Treasurer of Mo.*, 579 S.W.3d 202, 207 (Mo. banc 2019). If the meaning of a word in a statute is ambiguous, courts resolve the ambiguity by applying rules of construction, including rules of liberal or strict construction, when necessary. *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 792 n.6 (Mo. banc 2016). As to the provisions of chapter 287, section 287.800.1 directs courts to "construe the provisions of th[e] chapter strictly."

Section 287.780 provides:

*No employer* or agent *shall* discharge or *discriminate against any employee* for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination. *Any employee* who has been discharged or discriminated against in such manner shall have a civil action for damages *against his or her employer*. For purposes of this section, **"motivating factor"** shall mean that the employee's exercise of his or her rights under this chapter actually played a role in the

5

discharge or discrimination and had a determinative influence on the discharge or discrimination.

(Emphasis added) (bolded typeface in original).

As used in chapter 287, the terms "employer" and "employee" are statutorily defined. The term "employer" is defined as "[e]very person . . . using the service of another for pay." Section 287.030.1(1). An "employee" is defined as "every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations . . . ." Section 287.020.1.

The definitions of "employer" and "employee" are both stated in the present tense, e.g., "*using* the service of another for pay" and "*in* the service of any employer." The use of the present tense in their statutory definitions evidences a legislative intent that an "employee," for purposes of section 287.780, means a person who is presently "in the service of" an employer. *See Murrell v. State*, 215 S.W.3d 96, 104 (Mo. banc 2007) (noting statutory language "written in the present tense" necessarily requires a finding that the condition presently exists).

Substituting the statutory definitions for the terms "employee" and "employer," section 287.780 reads as follows:

> No *[person using the service of another for pay]* or agent *shall* discharge or *discriminate against any [person in the service of a person using the services of another for pay]* for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination. *Any [person in the service of a person using the services of another for pay]* who has been discharged or

6

discriminated against in such manner shall have a civil action for damages against his or her employer.

The present tense phrases "in the service," "under any contract of hire . . . or under any appointment or election," and "using the service of another for pay" evidence an intent to require an existing employment relationship at the time of an act of discrimination for an employee to have a claim for damages under section 287.780.

Other language in section 287.780 suggests a different legislative intent. The statute prohibits an employer from discriminating against an employee "for exercising *any* of his or her rights under this chapter." Section 287.780 (emphasis added). Under chapter 287, a workers' compensation claimant may exercise his or her right to file a claim up to two years after injury, and nothing requires the claim to be filed prior to the termination of the employment relationship. Section 287.430. The prohibition against discrimination against an employee "for exercising *any* of his or her" workers' compensation rights evidences an intent to prohibit discrimination against employees for exercising these rights regardless of whether the discrimination occurs during or after the employment relationship.

Because section 287.780 could reasonably be interpreted to prohibit discriminatory conduct against only current employees but also reasonably be interpreted to extend its protections to former employees, section 287.780 is ambiguous. *State v. Liberty*, 370 S.W.3d 537, 549 (Mo. banc 2012). When there are two reasonable interpretations of statutory language, rules of construction are utilized to resolve the ambiguity. *Peters*, 489 S.W.3d at 792 n.6. As a policy matter, it may be reasonable to prohibit employers from discriminating against former employees for exercising workers' compensation rights even

7

after the employment relationship ends. But the requirement in section 287.800.1 to strictly construe the provisions of chapter 287 governs.[4] Strictly construing section 287.780, as the Court must, to give effect to the present-tense definitions of "employee" and "employer" in section 287.780 compels an interpretation of section 287.780 that prohibits only discriminatory acts occurring during the employment relationship.

Indeed, had the General Assembly intended to include employers and employees not in a current employment relationship within the scope of section 287.780, it would be expected to have used plain language to that effect, as it did in section 213.055 of the Missouri Human Rights Act. *See Powell v. Cnty. of St. Louis*, 559 S.W.2d 189, 195 (Mo. banc 1977). Section 287.780 of the workers' compensation law, and section 213.055 of the Missouri Human Rights Act, were both amended in 2017. As amended, section 213.055.1(1) provides it is unlawful:

> For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of *any individual*:

---

[4] Mr. Lisle argues section 287.800.1's strict construction requirement does not apply to section 287.780 because the only courts required to strictly construe provisions of chapter 287 are "reviewing courts." Section 287.800.1. And, under section 287.801, only "administrative law judges, the [labor and industrial relations] commission, and *the appellate courts of this state* shall have the power to review claims filed under [chapter 287]." Section 287.801 (emphasis added). He argues it must follow that circuit courts, in which civil actions under section 287.780 are first filed, are not "reviewing courts" subject to section 287.800.1's strict construction requirement. The Court rejects his argument that section 287.780 is not subject to strict construction because it would lead to the absurd result that the provisions of chapter 287 would be construed differently by the circuit court in a civil action for damages than by an appellate court that must apply a strict construction. *Elrod v. Treasurer of Mo. as Custodian of Second Inj. Fund*, 138 S.W.3d 714, 716 (Mo. banc 2004) (stating statutes should not be construed "so as to work . . . absurd results").

(a)　*To fail or refuse to hire* or to *discharge any individual*, or otherwise to *discriminate against any individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability;

(b)　To limit, segregate, or classify his employees *or his employment applicants* in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability[.]

(Emphasis added).  Unlike section 287.780, section 213.055.1 explicitly authorizes causes of action based upon a discriminatory failure or refusal to hire any individual.  Similarly, section 213.070.1(2), making it an "unlawful discriminatory practice" to "discriminate *in any manner* against *any other person*" who has engaged in protected activity, is plainly worded differently – and more broadly – than section 287.780.

In contrast, the General Assembly, in amending section 287.780, did not use such broad language and, instead, used present-tense language showing its intent to require a current employment relationship.  The different language in statutes with similar purposes supports a strict interpretation of section 287.780 to prohibit an employer from discriminating against a current employee because of the exercise of his or her workers' compensation rights.

Because section 287.780 prohibits discrimination only against current employees, an element of a civil action for damages permitted by section 287.780 is that the plaintiff be an employee of the employer at the time of discrimination.  Here, Mr. Lisle had to establish he was an employee at the time Meyer Electric refused to hire him in June 2019, and uncontroverted material facts negating his status as an employee would entitle Meyer

9

Electric to judgment, as a matter of law. *See ITT Com. Fin. Corp.*, 854 S.W.2d at 381. It is an uncontroverted material fact Mr. Lisle was unemployed at the time Meyer Electric allegedly discriminated against him. Consequently, at the time of the allegedly discriminatory act, Mr. Lisle was not "in the service of any employer" and, therefore, not an "employee" protected by section 287.780. Because Mr. Lisle was not an employee in June 2019, when Meyer Electric decided not to hire him, Meyer Electric did not violate section 287.780 by discriminating against its "employee" and is entitled to judgment, as a matter of law.

Mr. Lisle makes arguments in support of his claim that the statute governs discrimination by employers after the employment relationship has ended. He argues defining "employer" and "employee" to require a current employment relationship ignores that section 287.780 authorizes employees "who have been discharged" for exercising workers' compensation rights to bring civil actions for damages. He asserts the meaning of "employee" in the context of a wrongfully discharged employee necessarily includes former employees, so the term "employee" must be defined to include both current and former employees. Otherwise, he says, no wrongfully discharged person could bring an action for damages. Mr. Lisle's argument incorrectly focuses on a person's status at the time the person asserts a claim under section 287.780. The correct interpretation of section 287.780 is that a person who is wrongfully discharged for exercising a right under chapter 287 necessarily comes within the statutory definition of "employee" at the time the employer wrongfully discharged him or her. In fact, Mr. Lisle filed a separate civil action

10

for wrongful discharge in the circuit court of Cole County in relation to his allegedly wrongful discharge in May 2018 and, were that action still pending, nothing in this opinion would have foreclosed his ability to maintain it simply because he was no longer employed when he brought the action.

Mr. Lisle also argues interpreting section 287.780 to require a current employment relationship creates the absurd result that an employee who is currently employed by an employer other than the discriminating employer would fall within the definition of "employee" and have a right to sue. His argument ignores that section 287.780 gives an employee a civil cause of action for damages against "his or her employer," so the language limits the current employment relationship to one between the employer allegedly wrongfully discharging or discriminating and the employee who has been discharged or discriminated against.

Mr. Lisle next contends the Court should interpret section 287.780 consistently with the manner in which other jurisdictions have interpreted federal anti-discrimination laws and find the term "employee" includes both current and former employees.[5] Mr. Lisle's arguments are meritless because the federal laws upon which he relies contain neither statutory definitions of "employer" and "employee" similar to those used in chapter 287

---

[5] Specifically, Mr. Lisle contends the Court should interpret section 287.780 consistently with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and find the term "employee" includes former employees, as the Supreme Court of the United States found in *Robinson v. Shell Oil Co.*, 519 U.S. 337, 849 (1997). He also argues the Court should be guided by the decisions of some federal circuit courts of appeals that define "employee" as used in the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, to include former employees.

nor an instruction to construe the statutory provisions strictly. This Court cannot ignore the statutory definitions or section 287.800.1's instruction to construe strictly the provisions of chapter 287 in favor of an interpretation consistent with the decisions of other jurisdictions interpreting other laws.

Ultimately, strictly construing section 287.780 in light of the statutory definitions of "employer" and "employee" requires a presently existing employment relationship. As a result, an element of Mr. Lisle's *prima facie* case is that he was an "employee" of Meyer Electric at the time Meyer Electric discriminated against him. Because Meyer Electric established uncontroverted material facts affirmatively negating that element of Mr. Lisle's claim, it is entitled it to judgment, as a matter of law. Accordingly, the circuit court did not err in sustaining Meyer Electric's motion for summary judgment.[6]

## Conclusion

As strictly construed, section 287.780 gives an employee a civil action for damages against his or her employer for discharging or discriminating against the employee while employed because the employee exercised a right under chapter 287. Therefore, Meyer Electric established a right to judgment, as a matter of law, when it demonstrated uncontroverted material facts affirmatively negated one of Mr. Lisle's element facts – that

---

[6] Because the Court's holding with respect to Mr. Lisle's first point on appeal is dispositive of the appeal, it is unnecessary to address his second claim of error that there was sufficient evidence Meyer Electric refused to rehire him because of his prior exercise of workers' compensation rights. *Brehm v. Bacon Twp.*, 426 S.W.3d 1, 7 (Mo. banc 2014).

he was an employee of Meyer Electric in June 2019 when it refused to hire him. The circuit court did not err in entering judgment in Meyer Electric's favor; its judgment is affirmed.

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.